## SCHMIDT, APPELLANT, *v.* MONTANA CENTRAL RAILWAY COMPANY, RESPONDENT.

[Submitted October 21, 1893.   Decided November 8, 1894.]

NEGLIGENCE—*Fellow-servants—Pleading.*—A complaint in an action for personal injuries which alleges that plaintiff was acting, when injured, pursuant to the orders of his foreman, and that defendant, disregarding its duty toward plaintiff to operate its locomotives and trains in a careful manner, did run a train around a sharp curve at a high rate of speed toward plaintiff on the same track upon which he was approaching on a handcar, without a warning signal, whereby plaintiff, being in imminent danger and acting as a reasonable man, jumped from the handcar and sustained the injuries complained of, is not demurrable, in that it shows that plaintiff received his injuries through the

negligence of the engineer and fireman of the train who were his fellow-servants, since section 697, fifth division, of the Compiled Statutes provides that the liability of a railroad corporation to an employee acting under the orders of his superior shall be the same in case of injury sustained by default or wrongful act of his superior as if such employee were a passenger.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION for damages for personal injuries.  Judgment was rendered for the defendant below by HUNT, J., on demurrer to the complaint.  Reversed.

*A. J. Craven,* and *George Haldorn,* for Appellant:

. I.   Whether employees are fellow-servants is a question of fact for the jury.  (Black on Proof and Pleading in Accident Cases, 106; *Chicago etc. R. R. Co.* v. *Moranda,* 93 Ill. 576; *Wabash etc. R. R. Co.* v. *Mahaffee,* 16 Bradw. 290; *Rooney* v. *Com. Trans.* 10 Daly, 241; *Illinois etc. R. R. Co.* v. *Morgansten,* 106 Ill. 216; 108 Ill. 576; 4 Ill. App. 25; 10 Ill. App. 618; 77 Ill. 217; *Devine* v. *Tarrytown,* 22 Hun, 26.)

II.   Section 697, page 817, division 5, of the Compiled Statutes, referring to railroad corporations, is as follows: " That in every case the liability of the corporation to a servant or employee acting under the orders of his superior shall be the same in case of injury sustained by default or wrongful act of his superior, or to an employee not appointed or controlled by him, as if such servant or employee were a passenger." This section unqualifiedly imposes upon the railroad corporation the same liability in case of servant being injured by negligence, as is incumbent upon the corporation in case of injury to passengers.  (McKinney on Fellow-servants, § 106; Patterson's Railway Accident Law, 383; *Chicago etc. R. R.,* v. *Ross,* 112 U. S. 389.)

III.   The common law of England had no exception to the doctrine of *respondeat superior.*  The fundamental rule that the master is liable for the torts of his servant inflicted in the course of his employment is condensed in the maxim *respondeat superior.*  This was the common law of England, and had no exception in its operation until the year 1837; and as to servants in different departments no exception until 1850.

(McKinney on Fellow-servants, § 2; Beach on Contributory Negligence, 2d ed., § 308; *Chicago etc. R. R.* v. *Moranda, supra.*) The "common law of England," as used in section 202, division 5, of our Compiled Statutes, would be the doctrine of *respondeat superior* intact, and most certainly without any exception inaugurated in 1837 or 1850. (*Bowie* v. *Duvall,* 1 Gill & J. 175; 2 Yerg. 45; *Roberts* v. *West,* 15 Ga. 122.) The rules and maxims of the common law referred to in the constitution were those our ancestors brought with them. (*Commonwealth* v. *Churchill,* 2 Met. 124.) Common law was imported by the colonists, and taken into new territories. (*Morris* v. *Harris,* 15 Cal. 252; *Wheaton* v. *Peters,* 8 Pet. 658; *Brown* v. *Philadelphia etc. R. Co.,* 9 Fed. Rep. 185; *Bogardes* v. *Trinity Church,* 4 Paige, 198; 2 Am. & Eng. Ency. of Law, under term " Common Law," and also 2 Waite's Actions and Defenses, title " Common Law." See 1 Kent's Commentaries, 10th ed., 534; Black's Law Dictionary, title " Common Law"; *Commonwealth* v. *Knowlton,* 2 Mass. 534.)

IV. The doctrine that one servant cannot recover for injury received through negligence of a fellow-servant was inaugurated in *Priestly* v. *Fowler,* 3 Mees. & W. decided by Lord Abinger in 1837, the decision being based on public policy. Then follows *Murray* v. *South Carolina R. R. Co.,* 1 McMull. 385; *Farwell* v. *Boston etc. R. R. Co.,* 4 Met. 49. *Hutchinson* v. *York etc. Ry.,* 5 Ex. 343, 19 L. J. Ex. 296, decided in 1850, was the first case decided in England in which the doctrine seems to be thrown wide open to the effect that one servant could not recover for injury received through negligence of another servant, though not associated or working together. The decision was based upon an implied contract. Until this case the English courts had not interpreted *Priestly* v. *Fowler,* 3 Mees. & W. as promulgating so broad a doctrine as this. (See *Holmes* v. *Clarke,* 6 Hurl. & N. 357; *Barton's Hill Coal Co.* v. *McGuire,* 3 Macq. H. L. 311. Same cases Patterson's Railway Accident Law, 356.) The same confusion and disagreement as to the real reason of the fellow-servant exception to the general doctrine of *respondeat superior,* which we find in these earlier cases, prevails also in the numerous cases which follow, both in England and America,

and even with the text-writers themselves. (See McKinney on Fellow-servants, § 10; Shearman and Redfield on Negligence, 301, 302; Whitt Smith on Negligence, 138; Patterson's Railway Accident Law, § 320.) The doctrine of implied contract will not sustain the rule. No agreement, express or implied, to the effect that a party shall be held irresponsible for his negligence is valid. Such contracts are void and against public policy. (Wharton on Negligence §§ 199, 589; *Roesner* v. *Herman*, 8 Fed. Rep. 782; 10 Biss. 486; *Lake Shore etc. R. R. Co.* v. *Spangler*, 8 N. E. Rep. 467; 29 Am. St. Rep. 441; *Little Rock & R. Co.* v. *Ewbanks*, 3 S. W. Rep. 808.)

V. The fellow-servant exception does not apply to vice-principals nor to servants in different departments. In so far as plaintiff was concerned the engineer and fireman represented the company. Power was delegated them to peremptorily order plaintiff off the track. If it were not so then the engine was running wild without any representative of, or substitute for, the company at the bell rope or lever. Surely this, the most important of corporate functions, could not be delegated to servants so as to relieve the company from the results of carelessness in its execution. This is the American rule. (Shearman and Redfield on Negligence, § 225.) The plaintiff and the negligent engineer and fireman were in different departments of labor. (*Sullivan* v. *Missouri R. R. Co.*, 97 Mo. 113; *Connolly* v. *Davidson*, 15 Minn. 519; *Baird* v. *Pettit*, 70 Pa. St. 477; *Texas etc. R. R. Co.* v. *Kirk*, 62 Tex. 227; *Cooper* v. *Mullens*, 30 Ga. 146; *Chicago R. R. Co.* v. *Moranda*, 93 Ill. 302; *Gillenwater* v. *M. & I. R. R. Co.*, 5 Ind. 339; *Ryan* v. *Chicago etc. R. R. Co.*, 60 Ill. 171; *Chicago etc. R. R. Co.* v. *Snyder*, 117 Ill. 376; *Dicks* v. *Indiana R. R. Co.*, 38 Ohio St. 389; *Nashville etc. R. R. Co.* v. *Carrol*, 6 Heisk. 347; *Nashville etc. R. R. Co.* v. *Jones*, 9 Heisk. 37; *Toledo etc. R. R. Co.* v. *O'Connor*, 77 Ill. 391; *Toledo etc. R. R. Co.* v. *Ingraham*, 77 Ill. 309. See other cases cited by Shearman and Redfield on Negligence, § 238.) For a full discussion of the law as to the liability of a defendant corporation for injury to a servant working in a different department from that in which the servant causing the injury is working, see *Dixon* v. *Chicago etc. R. R. Co.*, 18 L. R. A. 792, and numerous notes and cases

cited thereunder. (See, also, *Relyea* v. *Kansas City etc. R. R. Co.*, 18 L. R. A. 817, and *Parker* v. *Hannibal etc. R. R. Co.*, 18 L. R. A. 802.)

*H. G. McIntire*, for Respondent.

I. It is claimed that the question whether plaintiff and respondent's engineer and fireman were fellow-servants, and also whether they were at the time and place in the same common employment, was a question for the jury. An inspection of the complaint will show that both these facts are alleged therein. They were all employed by and working for the same master, the railway company, which is enough to show that they were fellow-servants. (Beach on Contributory Negligence, § 109.) At the time of the accident they were both doing the same thing in the course of their respective employments, to wit, using the defendant's track. They were doing so at the same time, and so near to each other that the conduct of the one necessarily affected the safety and comfort of the other. That is a definition of the phrase "common employment." Another is that found in *McAndrews* v. *Burns*, 39 N. J. L. 117, cited in *McKaig* v. *Northern Pac. R. R. Co.*, 42 Fed. Rep. 290, to wit: " A service of such a kind that in the exercise of common sagacity all engaged in it may be able to foresee, when accepting it that, through the negligence of a fellow-servant, it may probably expose them to injury." Applying this test it is apparent that when plaintiff entered defendant's service in such employment as made it necessary, as in the present instance, for him to use defendant's track, he could not but foresee that injury might result from the negligence of other servants using the same track in the course of their employment, and such negligence was one of the risks he assumed when he entered into defendant's service. The above facts being alleged in the complaint and admitted by the demurrer, there was no issue thereon to submit to a jury. It was the duty of the court to declare the law applicable to them. (*Johnson* v. *Boston Tow Boat Co.*, 135 Mass. 210; *McGinty* v. *Athol Reservoir Co.*, 29 N. E. Rep. 511; *Kerlin* v. *Chicago etc. R. R. Co.*, 50 Fed. Rep. 185.)

II. It is difficult to perceive what possible application the

Montana statute (Comp. Stats., § 697, p. 817), can have to·
this case.   It is not claimed that plaintiff was injured by rea-
son of any default or wrongful act of his superior officer, or of
any one having any control over him.   The statute changes
the common law in this respect only, that where a railroad
employee is injured through the negligence of some co-employee
occupying a superior position· or grade to, or having control
over the injured servant, the liability of the railroad company
shall be the same as though such injured employee were a
passenger.   It does not mean that the railroad company shall
be liable in all cases where one servant is injured by the negli-
gence of another, regardless of what position such negligent
servant may occupy, or what relation he may bear to the
injured one.

III.   Whatever may be the reasons for the rule that the
master is not liable for injuries to a servant caused by the neg-
ligence of a fellow-servant in the same general employment,
the rule itself is too well settled to be overturned at this late
day except by appropriate legislation.   It is doubtful whether
any court in the United States has come to any other conclu-
sion.   (Beach on Contributory Negligence, § 102; McKinney
on Fellow-servants, § 9; *Kelley* v. *Cable Co.,* 7 Mont. 78.)

IV.   There is nothing in the complaint to show that the
alleged negligent engineer and fireman were vice-principals of
the defendant; nothing to show that they were the representa-
tives, the *alter ego,* of the defendant railway company.   An
engineer is not even a vice-principal as to the fireman in the
same cab with him (*B. & O. R. R. Co.* v. *Baugh,* 149 U. S.
369), and that he does not occupy such a position toward
sectionmen or workmen on the track is settled beyond con-
troversy.   (See 3 Woods' Railway Law, § 1501; 1 Lawson's
Rights, Remedies, an 1 Practices, 572, 575, and see the cases
cited *infra.*)   It is plain that, however dissimilar the respec-
tive duties of the servants may have been at ordinary times,
they were not dissimilar, but were in the same department at
the time of the accident.   The facts stated in this complaint
bring the case at bar directly within the following decisions.
(*Easton* v. *Houston etc. R. R. Co.,* 32 Fed. Rep. 893; *Randall*
v. *Railroad Co.,* 109 U. S. 478; *Clifford* v. *Railroad Co.,* 141

Mass. 564; *Collins* v. *Railroad Co.*, 30 Minn. 31; *Olsen* v. *St. Paul etc. Ry. Co.*, 35 N. W. Rep. 866; *Coon* v. *Railroad Co.*, 5 N. Y. 492; *Pennsylvania R. R. Co.* v. *Wachter*, 60 Md. 395; *Boldt* v. *Railroad Co.*, 18 N. Y. 432; *Henry* v. *Railroad Co.*, 81 N. Y. 373; *Gormley* v. *Railway Co.*, 72 Ind. 31; and see 1 Lawson's Rights, Remedies, and Practice, 572, 575; Shearman and Redfield on Negligence, § 241; 3 Woods' Railway Laws, § 1501; *Foster* v. *Minnesota etc. R. R. Co.*, 14 Minn. 360; *Whalen* v. *Mad River R. R. Co.*, 8 Ohio St. 249; *Corbett* v. *St. Louis etc. R. R. Co.*, 26 Mo. App. 621; *Connolly* v. *Minnesota etc. R. R. Co.*, 35 N. W. Rep. 582; *Elliott* v. *Chicago etc. R. R. Co.*, 41 N. W. Rep. 758; *Hammond* v. *Railway Co.*, 83 Mich. 334; *Quebec Steamship Co.* v. *Merchant*, 133 U. S. 375; *B. & O. R. R. Co.* v. *Baugh*, 149 U. S. 389.) This latter case is peculiarly significant, as it practically reverses the *Ross* case, 112 U. S. 377, than which probably no case treating of the subject of fellow-servants and the doctrine of *respondeat superior* has caused more discussion and criticism.

HARWOOD, J.—The questions for determination on this appeal arise on the pleadings, by reason of the trial court sustaining a demurrer to the complaint, on the alleged ground that it fails to state facts sufficient to constitute a cause of action.

The allegations of the complaint, briefly stated, are: That the defendant, Montana Central Railway Company, is a corporation, duly organized, incorporated, and existing pursuant to the laws of this state, and own and operate a line of railway, together with cars, locomotives, etc., thereto belonging, situate in this state; that plaintiff, at the time of the injury complained of, was an employee of defendant, engaged in the work of fence-builder along the line of said railroad; that, while thus employed, " it became necessary for plaintiff, under said employment, and under the orders of the foreman of the gang in which he was working, to enter in and upon a hand-car, the property of said defendant, and to ride thereon from one point to another upon said line of railway"; that while so proceeding, and riding upon, and helping to propel, said hand-car over said line of railway, at a certain point described,

where said railway passes around a sharp curve, and through a deep cut, "defendant, not regarding its duty toward plaintiff to operate said line of railway and its locomotives and trains thereon in a careful and skillful manner," did, by its servants, the engineer and fireman of its locomotive, so carelessly, unskillfully, and negligently run a special train, consisting of locomotive and car or cars thereto attached, through said deep cut and around said sharp curve, at a high rate of speed, toward plaintiff, on the same track upon which he was proceeding on said handcar, without sounding the whistle or ringing the bell of said locomotive, or in any manner warning plaintiff of the approach of said special train, and by reason of said sharp curve in the line of said railroad, and its passage through said deep cut, plaintiff was unable to see any great distance along the line of said railroad and perceive the approach of said train, whereby plaintiff was brought into and exposed to such great danger and imminent peril of life and limb as to make it unsafe for him to longer remain on said handcar, wherefore plaintiff jumped therefrom in attempting to escape from such dangerous position, and thereby plaintiff received certain serious bodily injuries, particularly alleged, for which he seeks to recover damages. It is further alleged in the complaint that in so jumping from said handcar plaintiff acted as a reasonable and prudent man would have acted under like circumstances, and that he in no manner, by negligence or carelessness, contributed to the injury for which he seeks to recover damages by this action.

In support of the demurrer respondent's counsel insist that it is shown by the allegations of the complaint that plaintiff received the injuries for which he seeks to recover damages through the negligence and carelessness of the engineer and fireman of the locomotive drawing said special train; and that said engineer and fireman were fellow-servants of plaintiff, engaged in a common employment by defendant. And they cite the case of *Northern Pac. R. R. Co.* v. *Hambly*, 154 U. S. 349, and other authorities, which affirm that an engineer and fireman, in the operation of a railroad train, occupy the relation of fellow-servants with employees of the same company engaged in keeping the railroad line in proper condition.

In treating the case above cited, however, it is observed that the courts are in hopeless conflict on that as well as other points of application of the doctrine of fellow service, and that "wherever the subject is regulated by statute, of course the statute is applied by the federal courts pursuant to the Revised Statutes, section 241, as a law of the state."

The general doctrine, as announced through decisions of courts, on the subject of *respondeat superior*, has been modified somewhat by statute law enacted in this state, following, no doubt, the policy manifested by modern legislation of other states of the American union and of foreign dominions on the same subject. A general exposition of such enactments will be found in the valuable work of Mr. McKinney on Fellow-servants.

The constitution of this state adopted in 1889 provides that: "It shall be unlawful for any person, company, or corporation to require of its servants or employees, as a condition of their employment or otherwise, any contract or agreement whereby such persons, company, or corporation shall be released or discharged from liability or responsibility on account of personal injuries received by such servants or employees while in the service of such person, company, or corporation, by reason of the negligence of such person, company, or corporation, or the agents or employees thereof; and such contracts shall be absolutely null and void." (Const., art. XV, § 16.)

In an act of the legislature relating to railroad corporations it is provided: "That in every case the liability of a corporation to a servant or employee acting under the orders of his superior shall be the same in case of injury sustained by default or wrongful act of his superior, or to an employee not appointed or controlled by him, as if such servant or employee were a passenger." (Comp. Stats., div. 5, § 697.)

Plaintiff, in alleging the facts which constitute his cause of action, avers that he was acting and proceeding, when injured, pursuant to the orders of his superior, namely, the foreman whom defendant had set over him to direct his movements in said employment. And, giving the complaint a just and reasonable interpretation, we think that it should be construed as

alleging that plaintiff, while acting in obedience to the direct order of his superior, and by reason of the default of the defendant, in connection with said order "disregarding its duty toward plaintiff to operate said line of railway, and its locomotives and trains thereon, in a careful manner," etc., brought plaintiff into the dangerous position alleged, while no signal warned him of the approaching danger, and the circumstances alleged prevented his observing the approach of said train, with the exercise of due care and prudence, whereby—by reason of all these facts conspiring, in connection with the default or wrongful act, or *disregard of duty*, on the part of defendant, in so ordering the plaintiff, under the circumstances alleged, without due precaution on the part of defendant for his safety—his injury was compassed. And that so viewing the complaint, giving all the averments their proper relation to one another, the demurrer should be overruled. It was proper to allege that there was no sound of whistle or ringing of bell or other signal to warn plaintiff of the approach of said train; for this allegation shows that plaintiff, in proceeding into the dangerous situation, acting in obedience to the command of his superior, did so without warning of the danger coming upon him by the movement of defendant's train.

The complaint is far from being a model of concise statement of facts constituting the cause of action, without repetition or unnecessary verbiage; nevertheless, it becomes the duty of the court, even though the complaint be inartistic and involved, to give its allegations, when viewed altogether, a reasonable construction.

The judgment of the trial court should therefore be reversed and the case remanded with directions to overrule the demurrer.                                    *Reversed.*

DE WITT, J., concurred.