COULSON v. LEONARD et al.

(Circuit Court, E. D. Pennsylvania. December 14, 1896.)

No. 60.

MASTER AND SERVANT—WHO IS A FELLOW SERVANT.

A foreman having charge of, and personally assisting, a gang of laborers employed on one of several buildings being erected by, and under the supervision of, a general contractor, is a fellow servant with such laborers.

Melick & Potter, for plaintiff.
Frank P. Prichard, for defendant.

BUTLER, District Judge. The defendants were general contractors, engaged in doing work of various kinds, some of it similar to that which they were doing for the Baldwin Locomotive Company when the plaintiff was injured. To each separate piece of work or job a gang of workmen was assigned, with a foreman, who had charge of the work and men, whom he assisted in its performance. In large contracts more than one gang was sometimes assigned to the work, each under a separate foreman. Having contracted to erect the iron-work of a building for the Baldwin Locomotive Company, the plaintiff with several other men were assigned to the job with J. D. Fagely at their head as foreman. They worked under his directions and control—he being subject to the supervision of a member of the defendant company, who frequently visited the building. In the course of the work, iron was hoisted by means of a steam-engine. It was usual for the foreman to signal the engineer for starting and stopping the engine during the process of hoisting, although occasionally he assigned this duty to one of the men under him. On the occasion in question it is charged that the foreman, who was then signaling, carelessly gave an improper signal, in consequence of which the plaintiff was injured; and the jury has found this charge to be true. At the close of the testimony the defendants requested the court to charge that Fagely was a fellow workman with the plaintiff, and that the plaintiff could not therefore recover. This point was reserved. The jury having found for the plaintiff, the court is now asked to enter judgment for the defendants notwithstanding the verdict.

The question raised is an embarrassing one. An employer is responsible to his employés for injuries arising from his careless-

ness, but not for those arising from carelessness of co-employés. There are some duties to employés which he cannot delegate, so as to escape the consequences of failure in discharging them—such as the provision of a safe place to work and safe instruments and appliances to work with. Where he employs a representative who stands in his place as respects others, the acts and omissions of such representative are his, and he is responsible accordingly. Who is to be considered such a representative and not a co-workman, however, is generally a question of great difficulty. The courts have so disagreed respecting the rule applicable in such cases, and about its application to the facts of particular cases, that the subject, as is said in Railroad Co. v. Baugh, 149 U. S. 368 [13 Sup. Ct. 914], is in great confusion. To enter upon a general discussion of it here would be folly,—a very thorough discussion may be found in the case just cited. It is unnecessary to look beyond the decisions of the supreme court; they are conclusive here. The rule announced by these decisions is very plain; where one is employed to superintend the entire business of the employer, or a distinct department thereof, and given control over other employés working therein, he represents the employer; while one employed as a foreman to direct and manage the performance of some part of the general business, even with authority over his co-employés working therein, is not such a representative, and the employer is, consequently, not responsible for his carelessness. All the decisions of that court are harmonious to this extent. They are not harmonious, however, as respects the application of the rule to the facts of particular cases. Where the individual whose carelessness has resulted injuriously to other employés, was in charge of the entire business of the employer, there has not, of course, been any disagreement in the decisions, or difficulty in applying the rule; but where his authority extended to but a part of the general business, great difficulty has arisen in determining whether his authority covered a distinct department; in other words in determining what constitutes such a department of the general business. In Railroad Co. v. Ross, 112 U. S. 377 [5 Sup. Ct. 184], a railroad train was determined to be such a department, and the court held the company defendant, responsible to workmen upon it for the carelessness of the conductor in charge. To say that this application of the rule was a surprise to the profession is, I think, within the bounds of truth and propriety; and in every instance where the application of the rule has since been involved in that court, this case has come up to plague the tribunal. It was decided by a bare majority of the judges—five to four. While it has not been overruled, directly at least, it has not been affirmed by the decision of another case involving the same facts, in the same way. In repeated instances, however, as in Railroad Co. v. Baugh, Id., and other subsequent cases, where the facts seem to be similar in effect, and were pronounced to be identically so by a strong minority of the judges, the court has held that the individual whose carelessness caused the injury complained of, was not the superintendent of a distinct department, but simply a foreman over employés engaged in particular work. In Railroad Co. v. Baugh, the court distinguished

the case from Railroad Co. v. Ross, by reference to the fact that the carelessness was that of the engineer, although he was expressly clothed with all the duties and powers of a conductor by the regulations of the company, against the dissent of a minority of the judges who held that the facts were identical with those in Railroad Co. v. Ross. In Railroad Co. v. Hambly, 154 U. S. 349 [14 Sup. Ct. 983], the carelessness complained of was that of the conductor of a train, and the court distinguished the case from Railroad Co. v. Ross, by the fact that the employé injured was not on that train, while three of the judges dissented on the ground that this fact was immaterial. In Railroad Co. v. Keegan, 160 U. S. 259 [16 Sup. Ct. 269], the court held that the superintendent of a shifting gang using an engine about the work, did not represent the company as respects the men under his control, but was a fellow workman simply against a minority of the judges who could not distinguish the facts from those involved in Railroad Co. v. Ross. It is important to observe that in this case, which is one of the last presenting this question in the supreme court, that court adopted O'Brien v. Dredging Co., 53 N. J. Law, 291 [21 Atl. 324], as a sound exposition, and application of the law, and followed it as such. O'Brien v. Dredging Co., seems to be substantially identical in its facts with the case before me. In Railroad Co. v. Peterson, 162 U. S. 346 [16 Sup. Ct. 843], where the carelessness was that of one charged with the management and supervision of track repairs, covering several sections, and having complete control of the men employed under him, the court held that he did not represent the company as respects these men, but was a foreman and co-laborer simply, against the very emphatic dissent of three of the judges, who were unable to distinguish the case from Railroad Co. v. Ross. This case came up by appeal from the circuit court of appeals of the Eighth circuit, and seems to be irreconcilable with Woods v. Lindvall [1 C. C. A. 37], 48 Fed. 62, previously decided by that court. The latter case might be appealed to with some force by the plaintiff here if it could be regarded as sound; but in view of the decisions of the supreme court in the later case of Railroad Co. v. Peterson, it cannot be so regarded. The court of appeals decided both cases against the railroad company, on the same ground; that is, that Railroad Co. v. Ross, was applicable and conclusive. In Railroad Co. v. Peterson, Woods v. Lindvall is noticed by the supreme court simply to say that the duties of the superintendent in the latter case were much more important than in the former. This could not however affect the rule involved, or its application. I do not think it is venturing much to say that if Railroad Co. v. Ross, is hereafter to be regarded as authority for the application of the rule, it will only be in cases where the facts are identical.

Turning now to the facts of our case as before stated, it seems plain that in the light of Railroad Co. v. Baugh, and the other cases above cited, Fagely, whose carelessness caused the injury here complained of, must be regarded as a co-workman with the plaintiff— the head of a gang engaged in transacting a particular part of the defendants' general business—the execution of one of their many

similar contracts for work. In principle the case cannot I think be distinguished from these cases.

Judgment must therefore be entered for the defendants on the point reserved.