ALBERT T. WEBB, ADMINISTRATOR, RESPONDENT, *v.*
DENVER AND RIO GRANDE WESTERN RAIL-
WAY COMPANY, APPELLANT.

MASTER AND SERVANT.—NEGLIGENCE.—FELLOW-SERVANT.—In in-
struction which stated that servants of the same master to be
fellow-servants, must be such as are directly co-operating with
each other in a particular line of employment, or such that
their usual duties shall bring them into habitual association,
so that in the use of reasonable diligence they may exercise a
mutual influence upon each other promotive of proper precau-
tion; *held,* to correctly state the law; and *held* further, that a
car repairer assisting in making a coupling was not as a mat-
ter of law, a fellow-servant of an engineer in charge of a
switch-engine.

ID.—ID.—EVIDENCE.—Where the evidence showed that plaintiff's
decedent, a car-repairer, while engaged in removing a broken
brake-beam of a car and coupling the injured car to other cars
attached to a switch-engine, was on his knees in a space of
about eighteen inches between the injured car and the next,
and through the negligence of the engineer in charge of the
switch-engine, the cars came back and crushed the deceased's
head, instantly killing him, and the cause was submitted to
the jury under proper instructions from the court; *held,* that
the verdict would not be set aside as erroneous.

MEASURE OF DAMAGES.—PERSONAL INJURY.—EXCESSIVE DAMAGES.—
Where a verdict was rendered for $4,995, for death of a man
who was twenty-eight years old, of robust health and good
habits at the time of his death, it is not so excessive as to
justify a reversal.

APPEAL from a judgment of the district court of the
third district, and from an order refusing a new trial.
The opinion states the facts except the following: The
evidence showed that deceased was unmarried and lived
with his father, aged seventy-seven years, and his mother,

who was sixty-two years old. The complaint alleged that the deceased left surviving him as his sole heir his mother, who was dependent upon him for support, but the suit was brought in the name of the administrator of the deceased, and not by the mother. The statute is as follows: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death," and the master of such person. "In every action under this section such damages may be given as under all the circumstances of the case may be just." Section 3179, 2 Comp. Laws, 1888. The court instructed the jury as follows upon the question of damages:

"If you find a verdict for the plaintiff you should find in a sufficient sum to compensate Elizabeth Webb for the pecuniary injury suffered by her in the death of her son. But you should not add to said sum anything by way of solace to her feelings. In estimating compensation for such pecuniary injury, if any such injury there be, you should take into consideration the probability or improbability that she would have received aid from her son if he had lived, the probable duration of such aid, and the probable amount thereof, the fact that such duration would have been limited by her life at the farthest, her age, and the probable duration of her life.

"The court charges you that if you find in favor of the plaintiff, such damages may be given as under all the circumstances of the case may be just, not exceeding the amount claimed by the plaintiff. In estimating the loss sustained by the plaintiff, as administrator, and the mother of said deceased, who is his heir, you have a right to take into consideration, in a pecuniary sense, not only the value of his services and support to her during her life, if he had lived, but the social and

domestic relations of the parties, their kindly demeanor
or the lack of it toward each other, the loss which the
mother may sustain in being deprived of the society, aid
and care of her son, as may appear from the evidence,
in estimating what damages under all the circumstances
of the case, may be just."

*Messrs. Bennett, Marshall and Bradley,* with *Mr. Robert
Harkness* of counsel, for the appellant.

*Mr. Joseph L. Rawlins,* for the respondent.

ANDERSON, J.:

This action is brought to recover damages for the
death of plaintiff's decedent, Louis T. Webb, alleged to
have been caused by the negligence of the defendant.
The case was before this court on a former appeal (*Webb
v. Railway Co. ante.* 24 Pac. Rep. 616), and was reversed,
and another trial was had in the district court, and
plaintiff recovered a verdict and judgment in the same
amount as at the first trial. A motion for a new trial
was made and overruled, and this appeal is from the
judgment and from the order overruling the motion. At
the trial, by stipulation between counsel, the evidence
embodied in the record upon the first appeal was read to
the jury. The court gave the same instructions to the
jury that were given upon the first trial, except as to
the measure of damages, and the same requests, made
and refused at the first trial, were made and refused at
the second.

Plaintiff's decedent was a car-inspector and repairer in
the yards of the defendant at Salt Lake City. An east-
bound train, at the station, in switching, pulled out the
draw-head of a refrigerator-car, and the train separated.
The forward part was backed up, and broke the brake-

beam of the car ahead; the forward part of the train was moved forward, and the conductor called Rice, the car-inspector and repairer in charge of the shop and yards at the station, to remove the broken brake-beam so that the cars could be coupled with a chain, and the broken car set out of the train for repairs. He came with the deceased as an assistant, and they removed the broken brake-beam. The conductor got a chain from the engine, and put it on the refrigerator-car, and then signaled the engineer to back for coupling, and he backed so that the cars came within about eighteen inches of each other, and stopped, and Rice and the deceased were standing by. A brakeman went in to make the coupling with the chain, but was unable to do so, and the deceased stepped in the side opposite the brakeman to assist in making the coupling with the chain, and, while both were down on their knees, the forward cars were permitted to come back, and crushed the head of deceased, killing him instantly. It is insisted by counsel for the defendant that the engineer and the deceased were fellow-servants, and that, therefore, it is not liable for the negligence of the engineer in negligently moving the engine backward, whereby deceased was killed.

The instructions given the jury by the court on this point, and which are claimed to be erroneous, are as follows, to-wit: (1) "The court charges you that if you find from the evidence that the death of Louis T. Webb was caused without fault or negligence on his part, while he was between the cars assisting the brakeman to couple the same, on account of the negligence of those in charge of said train in moving or backing said train, without notice or warning to said deceased, you will find in favor of the plaintiff; unless you also find that such backing of the train was due solely to the negligence of the fellow-servant of said deceased engaged in the same depart-

ment of service." (4) " The court further charges you
that servants of the same master, to be co-employés or
fellow-servants, so as to exempt the master on account
of injuries sustained by or resulting from the negligence
of the other, must be such as are directly co-operating
with each other in a particular line of employment, or
such that their usual duties shall bring them into hab-
itual association, so that in the use of reasonable dili-
gence they may exercise a mutual influence upon each
other promotive of proper precaution." (5) " If the jury
find that the death of Louis T. Webb was caused, with-
out fault or negligence on his part, by the negligence of
the engine-driver or other person in charge of said
freight train, and that such engineer or other person
was at the time engaged in a separate and distinct
department of service from that in which said deceased
was engaged, then you will find a verdict for the
plaintiff."

We think the instructions state the law correctly, and
are in conformity with the rule laid down by this court
in *Daniels* v. *Railway Co.*, 6 Utah, 357, 23 Pac. Rep.
762. See, also, *Railway Co.* v. *Ross.*, 112 U. S. 377, 5
Sup. Ct. Rep. 184; *Railway Co.* v. *Herbert*, 116 U. S.
642, 6 Sup. Ct. Rep. 590. In the last case cited, Justice
FIELD says (page 653, 116 U. S., and page 596, 6 Sup.
Ct. Rep.): " The words, ' same general business,' have
reference to the general business of the department of
service in which the employé is engaged, and do not
embrace business of every kind which may have some
relation to the affairs of the employer, or even be
necessary for their successful management. If any other
construction were adopted, there would be no such thing
as a separate department of service in the business of
railroad companies; for whatever would tend to aid in
the transportation of persons and property would come

under the designation of its general business." We have
examined all the instructions given and refused in con-
nection with the evidence, and find no error. It is con-
tended that the damages are excessive. The deceased
was twenty-eight years old when he was killed. He was
in robust health, was industrious, and of good habits,
and was receiving $1.75 per day from the defendant.
We cannot say that, under these circumstances, $4,995
is so excessive as to justify a reversal on that ground.
The judgment of the district court is affirmed.

MINER, J., and BLACKBURN, J., concurred.