ISAAC CHILTON, ADMINISTRATOR, RESPONDENT, v. UNION PACIFIC RAILWAY COMPANY, APPELLANT.

MASTER AND SERVANT.—PERSONAL INJURY.— NEGLIGENCE.—Where it appeared that the defendant's railway track descended from Eureka to Ironton two hundred and ten feet per mile, a distance of five miles; that the train upon which deceased was injured consisted of an engine, tender, five cars and a caboose; that the valves of the engine were out of repair; that one of the cars had no brake, and that the brake on another was defective; that all five cars were loaded; that the engineer was inexperienced and on his first trip over that line; that the engineer started the train down hill; that the steam brakes failed to act; that the engineer deemed it safer not to reverse his engine; that on account of a defective frog the train left the track, and deceased was in consequence killed, and no contributory negligence of deceased was shown; held that a finding of negligence in defendant was warranted by the evidence.

ID.—ID.—WRONGFUL DEATH.—SUIT BY ADMINISTRATOR.—In a suit by the administrator for wrongful death of decedent, caused by negligence of defendant, for the benefit of the heirs, under the statute giving such an action, evidence is admissible of the number of children of deceased and of the treatment of his family by deceased.

ID.— ID.— ID.— INSTRUCTIONS.—The court charged the jury that

they might take into consideration in assessing damages in suit by administrator, for the wrongful death of deceased, the benefits from association, comfort and pleasure the family of deceased would have received from him had his life been spared, as well as the number and ages of deceased's children; *held* that this was not error.

ID.—ID.—ID.—COLLATERAL ATTACK UPON APPOINTMENT OF ADMINISTRATOR.—The order appointing an administrator of deceased cannot be collaterally attacked in a suit brought by administrator for the wrongful death of his decedent.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Williams and Van Cott,* for the appellant.

*Messrs. Evans and Rogers,* for the respondent.

ZANE, C. J.:

This is an appeal from an order denying a motion by the defendant for a new trial and from a judgment for $8,000. The action was brought to recover damages in consequence of the death of the late Joseph Shaw, caused, it is alleged, by the negligence of the defendant while he was in its service as a brakeman. The defendant insists that the evidence does not prove that the death of the intestate was caused by its neglect, and that the judgment was for that reason erroneous. It appeared from the record that the defendant's track descended two hundred and ten feet per mile from Eureka to Ironton, a distance of about five miles; that the train consisted of an engine, tender, five cars, and a caboose; that the valves of the engine were out of repair; that one of the cars had no brakes, and that the brakes on another were defective; that the cars were all loaded; that the engineer was upon his first trip over that part of the line, and was somewhat inexperienced;

that, in obedience to the signal of the conductor, the engineer started the train down the grade; that the steam brakes on five of the cars failed to act; that the engineer deemed it safer not to reverse the engine on account of its speed; that the hand brakes were insufficient; and that the train dashed on, uncontrolled, over a defective frog, at which the cars left the track, and threw the deceased from one of them, and injured him so that he died soon afterwards. No want of ordinary care contributing to the injury appears on the part of the deceased. From the evidence in the record we cannot say that the jury was clearly wrong in finding that the death of the plaintiff was a result of the defendant's negligence.

Defendant's counsel also urges that the court erred in permitting the widow to testify to the number of the deceased's children, and to the treatment of the family by her late husband; and that the court also erred in charging that in assessing the damages the jury might take into consideration the number and ages of the members of his family dependent upon him for support. The common law does not authorize an action for the benefit of the heirs of a person whose death has been caused by the wrongful act or neglect of another. The intent of the statute is to furnish them a remedy by which they may obtain such compensation for their loss, in consequence of such death, against the person whose wrongful act or neglect caused it. The statutes of this Territory making such provision, so far as necessary to quote them, are as follows: § 3179: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. * * * In every action under this and the preceding section such damages may be given as, under all the circumstances of the case, may be just." Volume 2, Comp. Laws Utah

4

1888. § 2962, Id.: "And the amount received in every such action shall be distributed, by direction and decree of the proper probate court, to such persons (other than creditors) as are by law entitled to distributive. shares of the estate of such deceased person, and in such proportions as are prescribed by law." While this action in form is by the legal representative of the deceased, the recovery is to remunerate the loss of the heirs in consequence of his death. Upon the assumption of a recovery, the value of the support and maintenance and the money or other object, the value of which can be definitely estimated in money, that it is reasonably certain they would have received from him if he had lived, they should undoubtedly recover from the defendant.

But the further question arises, may the jurors, in assessing damages, take into consideration the benefits from the associations, comforts, and pleasures that they may reasonably believe from the evidence his family would have received from him had his life been spared? When a person survives an injury caused by negligence of another, it is well settled that the jury in assessing damages for the injury may take into consideration physical pain and mental anguish caused by it. Yet our estimates of the allowance for physical pain and mental anguish are quite as vague and indefinite as the allowance in money to the widow and children for the loss of the society, the advice, the kindness, and good treatment of the husband and father. Human capacity can make but vague and indefinite estimates of their value in dollars and cents, but justice demands that it shall be done. We do not think that the court erred in permitting testimony as to the number and ages of the children, and as to the treatment of his family by the deceased, and in charging the jury that they might take into consideration the number and ages of the children in assessing the damages. As the damages to be assessed were to compensate the widow and children for their loss,

it was proper to inform the jurors by competent evidence how many children there were, and the treatment that the deceased gave his family, because its value would depend on the kind of attention and care given; and it was proper to inform the jurors that they might take into consideration the number and ages of the children, because young children should receive more care and training, and they would be likely to need and receive it longer, than children of mature years, and it would be more valuable to them. *Pool* v. *Railroad Co.,* 7 Utah, 303, 26 Pac. Rep. 654; *Hyde* v. *Railway Co.,* 7 Utah, 356, 26 Pac. Rep. 979; *Webb* v. *Railway Co.,* 7 Utah, 363, Id. 17; *Tilley* v. *Railroad Co.,* 29 N. Y. 252.

Appellant also alleges as error the admission of the order in evidence appointing the respondent administrator of the estate of the deceased. It is claimed that the order is void, because it appears from the affidavit of the service on file in the proceedings that notice of the hearing of the application for letters was served on the day the order was made. It appears from the record that the respondent had filed in the probate court his petition for letters of administration, and that the widow had filed in writing a request for respondent's appointment, and that the court, twelve days before, had made an order fixing a day for the hearing. The probate court of Utah county had acquired jurisdiction of the subject-matter, and, having such jurisdiction, the regularity of its proceedings in the appointment of the respondent, as administrator, could not be drawn in question in this action. The order cannot be assailed collaterally. *Simons* v. *Saul,* 138 U. S. 439; 11 Sup. Ct. Rep. 369; *Emery* v. *Hildreth,* 2 Gray, 228. We find no error in this record. The judgment of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.