GEORGE C. ARMSTRONG, RESPONDENT, v. OREGON SHORT LINE AND UTAH NORTHERN RAILWAY COMPANY, APPELLANT.

MASTER AND SERVANT.— NEGLIGENCE.— FELLOW SERVANT.— The foreman of a crew employed in switching cars in the yards of a railway company, who received general orders from the yardmaster before commencing work, and afterwards directed his crew in their execution, is not a fellow servant of a member of another crew switching in the same yards under the direction of another foreman, nor a fellow servant of his own immediate foreman.

APPEAL from a judgment of the district court of the third judicial district and from an order refusing a new trial. The opinion states the facts.

Messrs. Williams and Van Cott, for the appellant.

Messrs. Dey and Street, for the respondent.

ZANE, C. J.:

This is an action by the plaintiff to recover damages in

consequence of an injury to him, caused, as alleged, by the negligence of the defendant, while in its employ as a helper in its yards at Pocotello, Idaho. It appears from the evidence that the plaintiff was between an engine and some cars, in the night, uncoupling them, when fourteen or fifteen other cars came from the west, without warning, and without any light upon their front, and struck the ones that plaintiff was uncoupling, and knocked them east a considerable distance; that the plaintiff was thrown down, and the wheels passed over his leg and hand, which he lost. While the foreman should have known that the defendant was at work about the standing cars, those moving upon the same track in their direction passed him about sixty feet way, and no warning was given to the plaintiff. There were a large number of tracks in the yard in which plaintiff was injured, upon which there were at all times numerous cars, in the moving of which four switch engines were used in the day time and three at night. With each there were an engineer, fireman, and two helpers under the direction of a foreman. The foreman received general orders from the yard master before commencing work, and afterwards he directed the crew in their execution. We must conclude that the foreman, under whom plaintiff was at work, as well as the foreman who sent the cars down at such a rapid rate without signal or warning, was guilty of negligence, and also that the yard was not sufficiently lighted, and that such negligence caused the injury to the plaintiff.

The defendant insists that there cannot be a recovery in this action, because the plaintiff and the negligent foreman were co-operating as fellow servants at the time of the injury. The definitions given of the term "fellow servants" by the courts differ materially. The tendency of later decisions has been towards a narrower application of the term. The rule relied on by the defendant appears to be based upon the presumption that employes with

equal authority of the same grade, working together, should, by their watchfulness, their suggestions, skill, care, caution, and example, exercise an influence on each other promotive of diligence, care, and caution in all; that careful employes of the same grade, associated together in the performance of common duties, ought to stimulate like behavior in each other. To hold that fellow servants can recover damages against the common master for injuries from the negligence of each other, it is presumed, would not be promotive of such diligence and care as their safety and the safety of the public demands. Therefore the negligence of the one causing the injury is regarded as the fault of the other to the extent of preventing a recovery against the common master. From such considerations some of the later and more carefully considered cases deduce the rule of law relieving the employer from damages in consequence of injury to one fellow servant from the negligence of another. That the reason of the rule should limit its application is regarded as axiomatic. So far as its application goes beyond this it is unreasonable. Therefore the rule will not prevent a recovery against the master for an injury to an employe in consequence of the negligence of a superior, or because of the negligence of an employe not so associated with the injured party as to be subject to the influence of his example, advice, care, and diligence. While it may be reasonable to infer that men laboring together with equal authority will, by their watchfulness, their suggestions, prudence, and their example, influence each other, it would be unreasonable to presume that they will so influence the men in authority over them, and to whose orders they are subject. And it would be quite as unreasonable to require employes, by their care and suggestions and example, to stimulate and prompt caution, watchfulness, and diligence in those with whom they are not associated, whom they have no opportunity of advising or of influencing by their

example of skillfulness, diligence, and prudence. They should not be held responsible for those outside of the range of their influence. We are disposed to hold that the term "fellow servants" should not include the man in authority with those subject to his orders,— the one that orders with those required to obey him; nor should the term include those not so associated in their employment as to be within the range of, and subject to the influence of each other while about their work and in the actual discharge of their duties. It follows that the foreman was not a fellow servant of the plaintiff, who was his helper, and subject to his orders. *Rolling Mill Co.* v. *Johnson,* 114 Ill. 57, 29 N. E. Rep. 186; *Daniels* v. *Railway Co.,* 6 Utah, 357, 23 Pac. Rep. 762; *Railway Co.* v. *Moranda,* 108 Ill. 576; *Openshaw* v. *Railway Co.,* 6 Utah, 132; *Reddon* v. *Railway Co.,* 5 Utah, 344, 15 Pac. Rep. 262; *Railroad Co.* v. *Ross,* 112 U. S. 377, 5 Sup. Ct. Rep. 184; *Railroad Co.* v. *Kelly,* 127 Ill. 637, 21 N. E. Rep. 203. While there are numerous decisions of English and American courts in conflict with those cited, there are many that we have not referred to, entitled to great weight, that support them. This disposes of the point principally relied on by counsel for appellant in their argument. We do not feel called upon to consider this record further, as we find no error in it. The judgment appealed from is affirmed.

BLACKBURN, J., and MINER, J., concurred.