JOSEPH STEPHANI, PLAINTIFF AND APPELLANT, v. SOUTHERN PACIFIC COMPANY, A CORPORATION, DEFENDANT AND RESPONDENT.

(NOTE.—The cause of action arose in Nevada where the common law rule in respect to fellow servants is in force.)

DAMAGES — PERSONAL INJURIES — FELLOW SERVANTS — WHO ARE UNDER COMMON LAW RULE — TRACK WALKER — ENGINEER. RFASONABLE CARE — FAILURE TO USE — CONTRIBUTORY NEGLIGENCE. CONDUCTOR — SUBORDINATES — COMMON LAW RULE — NOT CHANGED BY REGULATION OF COMPANY.

1. *Damages — Personal Injuries — Fellow Servants — Who Are under Common Law Rule — Track Walker — Engineer.*

Under the common law rule in reference to fellow servants, a track walker for defendant company, engaged in traveling over the road of the company from a point where a wreck had occurred to a point thirteen miles distant for the purpose of summoning a section gang to assist in clearing away the wreck, is a fellow servant with an engineer in charge of a lone engine traveling over the same road in the same direction for the purpose of reaching the nearest turn-table so as to turn his engine and return to assist at the wreck. And if the track walker be injured by the negligence of the engineer, he can not recover damages from their common employer.

2. *Reasonable Care — Failure to Use — Contributory Negligence.*

The plaintiff having failed to use reasonable care, as shown by the evidence, it can not be said that he did not contribute to the injury.

3. *Conductor — Subordinates — Common Law Rule — Not Changed by Regulation of Company.*

The rule of law that a train conductor represents the company, and is not a fellow servant with his subordinates, can not be changed by a regulation of the company so as to make the conductor a fellow servant, nor can a regulation of the company calling some one else a conductor bring a case within the scope of the rule of law.

(Decided April 3, 1899.)

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff for damages on account of personal injuries alleged to have occurred through the negligence of the defendant company in running its engine over and upon the plaintiff, who was a track walker in the employ of the defendant company.

From a judgment of non-suit plaintiff appeals. *Affirmed.*

*Messrs. J. H. and H. R. McMillan,* for appellant.

That the engineer and the plaintiff were not fellow servants see, *Chicago, etc., R. Co.* v. *Ross,* 15 Sup. Ct. Rep., 190.

Unless plaintiff and the conductor were in the same common employment they can not be said to be fellow servants. Sherman and Redfield on Negligence (5th ed.), Vol. 1, Sec. 234.

In Illinois, Missouri, Kansas, Kentucky, Nebraska, Utah, and perhaps elsewhere, what may be called the "Association" rule is established. Under this rule, fellow servants are not in the "same common employment," unless they are so engaged that their duties bring them into association with each other, either generally or at the time of the injury in question, to such a degree that they can exercise some influence upon each other, in favor of

care and caution for their mutual safety. *R. R.* v. *O' Connor*, 77 Ill., 391 ; *Rolling Mill Co.* v. *Johnson*, 114 Ill., 57; *R. R. Co.* v. *Morando*, 108 Ill., 580; *Ry. Co.* v. *Kelly*, 127 Ill., 631; 21 N. E., 203; *Ry. Co.* v. *Morando*, 92 Ill., 302; *Dixon* v. *Ry. Co.*, 109 Mo., 413; 19 S. W., 412; *Sullivan* v. *Ry. Co.*, 97 Mo., 113; 10 S. W., 852; *Ry. Co.* v. *Norment*, 84 Va., 167; 4 S. E., 211; *Dick* v. *Ry. Co.*, 38 Ohio St., 389; *Ry. Co.* v. *Cavens*, 9 Bush., 559; *Madden* v. *Ry. Co.*, 28 W. Va., 610; *Daniel* v. *Ry. Co.*, 36 W. Va., 397; *Ry. Co.* v. *Carroll*, 62 Tenn., 342; *Ry. Co.* v. *Spence*, 92 Tenn., 173; 23 S. W., 211; *Ry. Co.* v. *Goldwin*, 56 Ga., 196; *Palmer* v. *Ry. Co.*, 2 Idaho, 290; 13 Pac., 427; *Boatwright* v. *Ry. Co.*, 25 S. C., 128; *Towns* v. *Ry. Co.*, 37 La. Ann., 630; *Van Amberg* v. *R. R. Co.*, 37 La. Ann., 650; *McGill* v. *Ry. Co.*, 33 Pac., 281; *Hamberg* v. *Ry. Co.*, 53 Pac., 727; *Ry. Co.* v. *Weaver*, 35 Kan., 412; 11 Pac., 408; *Ry. Co.* v. *Erickson*, 41 Neb., 1; 59 N. W., 347; *Ry. Co.* v. *Krayenbahl*, 48 Neb., 553; 67 N. W., 447; *Ry. Co.* v. *Ryan*, 29 S. W., 557; *Armstrong* v. *Ry. Co.*, 8 Utah, 420; 32 Pac., 693; *Webb* v. *Denver*, 7 Utah, 363; 26 Pac., 981; *Openshaw* v. *Ry. Co.*, 6 Utah, 137.

The conductor of a railway train is not a fellow servant with a truckman upon the train. *Openshaw* v. *Ry. Co.* 6 Utah, 137.

See also, *Armstrong* v. *Ry. Co.*, 8 Utah, 422; *Wells* v. *Ry. Co.*, 7 Utah, 367.

The court erred in not submitting the case to the jury under proper instructions. *Saunders* v. *Southern Pacific Co.*, 13 Utah, 375.

If the fireman was needed on the engine to attend to the fire and perform his duties on the engine, then the defendant was negligent in not furnishing another man to act as flagman, since sufficient help was not furnished.

*Wright* v. *Southern Pacific Co.*, 14 Utah, 383; *Wright* v. *Southern Pacific Co.*, 15 Utah, 422.

*Messrs. Marshall, Royle & Hempstead,* for respondent.

A common day laborer in the employ of a railroad company, who, while working for the company under the order and direction of a section " boss," or foreman, on a culvert on the line of the company's road, receives an injury by and through the negligence of the conductor and of the engineer in moving and operating a passenger train upon the company's road, is a fellow servant with such engineer and such conductor in such a sense as exempts the railroad company from liability for the injury so inflicted.        *N. P. R. Co.* v. *Hambly*, 154 U. S., 349; *Farwell* v. *Boston & Worcester R.*, 4 Met. (Mass.), 49; *Clifford* v. *Old Colony R.*, 141 Mass., 564; *Brodeur* v. *Valley Falls Co.*, 17 Atl. Rep., 54; *Harvy* v. *N. Y. Central R.*, 88 N. Y., 481; *Gormley* v. *Ohio & Mississippi Ry.*, 72 Ind., 31; *Collins* v. *St. Paul & Sioux City R.*, 33 Minn., 31; *Pennsylvania Ry.* v. *Wachter*, 60 Md., 395; *Houston, etc., Ry.* v. *Rider*, 62 Tex., 267; *St Louis & Iron Mountain Ry.* v. *Shackelford*, 42 Ark., 417; *Burke* v. *Maine Central R.*, 70 Maine, 60; *Ryan* v. *Cumberland Valley R.*, 23 Penn., 384; *Sullivan* v. *Miss. & Mo. R.*, 11 Iowa, 421; *Fowler* v. *Chicago & N. W. Ry.*, 61 Wis., 159; *Kirk* v. *Atlantic, etc., Ry.*, 94 N. C., 625; *Quincy Mg. Co.* v. *Kitts*, 42 Mich., 34; *Keystone Bridge Co.* v. *Newberry*, 96 Penn. St., 246.

We draw the attention of the court to a few cases similar to the one at bar.    In each the employee injured was a servant employed about the company's track as section hand, repairer, walker, etc., while the offending employee whose negligence caused the injury was employed on or about the company's trains, and in every instance the court

held the two employees stood in relation of fellow servants. *Collins* v. *St. Paul & Sioux City R.*, 30 Minn., 31; *Pennsylvania R.* v. *Wachter*, 60 Md., 395; *Burke* v. *Maine Central R.*, 70 Maine, 60; *Gormley* v. *Ohio & Miss. Ry.*, 72 Ind., 31; *Corbett* v. *St. Louis I. M. & S. R. Co.*, 26 Mo. App., 621; *Schultz* v. *Chicago & N. W. R. Co.*, 67 Wis., 616. *Clifford* v. *Old Colony R.*, 141 Mass., 564; *Houston, etc., Ry.* v. *Rider*, 62 Tex., 267; *O' Connell* v. *Baltimore & O. R. Co.*, 20 Md., 212; *Ryan & Cumberland Valley R.*, 23 Penn. St., 384; *Baltimore & O. R.* v. *State*, 41 Md., 227; *Van Wickle* v. *Manhattan R. Co.*, 22 Fed., 278; *Ohio & M. R. Co.*, v. *Tindall*, 13 Ind., 366; *Whaalan* v. *Mad River L. E. R. Co.*, 8 Ohio St., 249; *Coon* v. *Syracuse & I. R. Co.*, 5 N. Y., 492; *St. Louis & Iron Mountain Ry.* v. *Shackelford*, 42 Ark., 417; *Sullivan* v. *Miss. & Co., R.*, 11 Iowa, 421; *Connolly* v. *Minneapolis E. R. Co.*, 38 Minn., 80.

### STATEMENT OF FACTS.

This action was brought to recover damages caused by the alleged negligence of the defendant in running its engine over and upon the plaintiff, to his injury. The record shows that on the 30th day of July, 1897, a wreck had occurred on defendant's road a short distance east of Palisades, in the State of Nevada. The engine and tender by which plaintiff was afterward injured had that morning arrived at Palisades with a train from the west, and its passage east being obstructed by the wreck, it was at Palisades detached from the train, and sent back west to enable it to reach a turn-table at Winnemucka, 110 miles west, which was the nearest turn-table to Palisades which could be reached, owing to the obstruction east of Palisades. The engine and tender were compelled to go

west backwards, or in other words, the tender in front,
and the boiler and cow-catcher behind.  The engine and
tender so backing west had its usual attendants, to wit,—
an engineer and fireman, there being no train attached
thereto.  The road master whose duty it was to remove the
wreck, had a number of his section hands at work at a
point thirteen miles west of Palisades, and desired to have
them notified to come to Palisades, and from there go to
the wreck and assist in the removal thereof, so as to open
the road for travel to the east.  For the purpose of noti-
fying them, he sent the plaintiff, who was one of the sec-
tion hands and track-walker, on a railroad velocipede
from Palisades to notify these men and bring them to
Palisades for the proposed work.  The plaintiff on that
day started west from Palisades a short time before the
engine and tender started, and at a distance of about one
and one-half miles west of Palisades was run into by the
engine and tender, and suffered the injury complained of.
The engine ran through the cañon without ringing the
bell, or blowing the whistle; the plaintiff looked behind
him every minute or two.  The engineer could not see
the plaintiff before the accident, but the fireman did see
him ten or fifteen feet ahead, and called to the engineer
to stop.  The engineer reversed the engine, and did all
he could do to stop it, and succeeded in doing so after
running about twenty feet beyond the point of the acci-
dent.  The road at the point of the injury and for some
distance both east and west thereof passed over many
curves, and high cuts, thus obstructing the view of the
engineer and fireman, and preventing their seeing the
plaintiff until within a few feet of him.  At the time of
the accident, the engine was moving at the rate of about
ten miles an hour.  On this state of facts the appellant
contends that the non-suit granted by the court below was

improperly granted, and that there was a liability on the part of the respondent.

After stating the facts, MINER, J., delivered the opinion of the court.

It was admitted at the trial that no statute existed in Nevada at the time of the injury complained of changing the rule of the common law with reference to fellow servants or defining what a fellow servant is, as in Utah, and that the common law prevailed in that State and still prevails there. At the time of the injury the plaintiff was a common laborer and track walker on defendant's road, working with others under orders of Mr. Cannon, a section boss, who ordered the plaintiff to go to Twelve Mile Cañon, where he was going when injured. Mr. Cole was road master, having authority over the section boss.

The first question to be determined is whether or not at the time of the injury in Nevada the plaintiff was a fellow servant of the engineer, and whether the court erred in granting a non-suit. By the stipulation referred to, this question is to be determined under the rules of the common law, and not under the statute of this State defining what fellow servants are. The authorities bearing upon this question are hopelessly divided upon the general subject of fellow servants, as well as upon the other questions here involved. It is useless to undertake to analyze the cases which have arisen in the courts of the several States, because they are wholly irreconcilable in principle, and too numerous to classify. As between the laborer or other employees upon a railroad track, and the conductor, engineer, or other employees of a moving railroad train, the courts of Massachusetts, Rhode Island, New York, Indiana, Iowa, Michigan, North Carolina, Minnesota, Maine, Texas, California, Maryland, Pennsyl-

vania, Arkansas, and Wisconsin hold that the relation of fellow servants exists.    *U. P. R. R. Co.* v. *Hamley*, 154 U. S., 355.

In *Chicago & Milwaukee R. R. Co.* v. *Ross*, 112 U. S., 377, the court held, in substance, that a railroad corporation is responsible to its train servants and employees for injuries received by them in consequence of neglect of duty by a train conductor in charge of its train with the right to command its movements and control the persons employed upon it.    That a conductor of a railroad train who has a right to command the movements of the train, and to control the persons employed upon it, represents the company while performing those duties, and does not bear the relation of fellow servant to the engineer and employees of the corporation on the train.

The late territorial Supreme Court of Utah in *Webb* v. *Denver & Rio Grande R. R. Co.*, 7 Utah, 363, held that a car repairer assisting in making a coupling was not, as a matter of law, a fellow servant of an engineer in charge of a switch engine, and a similar holding was made in *Armstrong* v. *Oregon Short Line & Utah Northern R. R.*, 8 Utah, 420, and *Openshaw* v. *Utah & Nevada R. R. Co.*, 6 Utah, 137.

Since these decisions were rendered, the rule has been considerably enlarged, and the Supreme Court of the United States, with many of the States, has held to a rule modifying the decision in the Ross case to a considerable extent.

In *Randall* v. *Baltimore & Ohio R. R. Co.*, 109 U. S., 478, the court held, in substance, that a brakeman working a switch for his train on one track in a railroad yard, is a fellow servant with the engineman of another train of the same corporation upon an adjacent track; and he can not maintain an action against the corporation for

an injury caused by the negligence of the engineman in driving his engine too fast, and not giving due notice of its approach, without proving negligence of the corporation in employing an unfit engineman. This holding was upon the theory that the two were employed and paid by the same master, and their duties were such as to bring them to work at the same time and place, and their respective services had the common object and purpose of moving trains within the sphere of their employment. The services rendered by a switchman in keeping the track clear for the passage of trains does not necessarily differ so far as action for negligence is concerned from those of a track walker or other laborer engaged in keeping the railroad track in repair and cleaning it of obstructions. While neither of these are under the personal control of the engineer, yet both are engaged in an employment that brings them in contact with moving trains and passing engines and constitute the lookout for securing the safety of passing trains. The departments of the two servants are so far separate from each other that if the possibility of coming in contact, and hence incurring danger from the negligent performance of the duties of such other department could not be said to be within the contemplation of the person injured, the doctrine of fellow servants should not apply.

In *Martin* v. *Atchison, Topeka & Santa Fé R. R. Co.*, 166 U S., 399, it was held as copied from the head note as follows: "The plaintiff in error was in the employment of the defendant in error as a common laborer. While on a hand car on a road, proceeding to his place of work, he was run into by a train, and seriously injured. It was claimed that the collision was caused by carelessness and negligence on the part of other employees of the company, roadmaster, foreman of the gang of laborers,

conductor, etc.   Held, that the co-employees whose negligence was alleged to have caused the injury were fellow servants of the plaintiff, and hence that the defendant was not liable for the injuries caused by that negligence."

In *U. P. R. R. Co.* v. *Peterson*, where the foreman of a gang of laborers, including the plaintiff, were engaged in placing ties and repairing the railroad, with power to hire and discharge men, and direct the management of all matters connected with their employment, and while so engaged the plaintiff was injured by the negligence of the foreman, it was held that the foreman was not engaged as superintendent in a separate department of the road, nor in control of such a distinct branch of the work of the company as to render it liable to a co-employee for neglect, but he was a fellow servant whose negligence entailed no liability on the company.

In the case of the *U. P. R. R. Co.* v. *Charles*, 162 U. S., 359, it appears from the head note of the case that the plaintiff was a day laborer in the employ of the Northern Pacific Railroad.   With the rest of his gang he started on a hand car under a foreman to go over a part of the section to inspect the road.   While running rapidly round a curve they came in contact with a freight train, and they were seriously injured.   The brake of the hand car was defective.   The freight train gave no signals of its approach.   He sued the company to recover damages for his injuries, and it was held,

1.   "That the railroad company was not liable for negligence of its servants on the freight train to give signals of its approach, as such negligence, if it existed, was the negligence of a co-servant of the plaintiff."

2.   "That any supposed negligence of the foreman in running the hand car at too high a rate of speed, was negligence of a co-employee of the company and not of their common employer."

In *Baltimore & Ohio Railroad Co.* v. *Baugh*, 149 U. S., 368, it was held, quoting from the head note, as follows:

"Whether the engineer and fireman of a locomotive engine, running alone on a railroad and without any train attached, are fellow servants of the company, so as to preclude the latter from recovering from the company for injuries caused by the negligence of the former, is not a question of local law, to be settled by the decisions of the highest court of the State in which a cause of action arises, but is one of general law to be determined by a reference to all the authorities, and a consideration of the principles underlying the relations of master and servant.

"Such engineer and such fireman, when engaged on such duty are, when so considered, fellow servants of the railroad company; and the fireman is precluded by principles of general law from recovering damages from the company for injuries caused during the running, by the negligence of the engineer."

In *U. P. R. R. Co.* v. *Hambly*, 154 U. S., 349, it was held that "a common day laborer in the employ of a railroad company, who, while working for the company under the order and direction of a section boss or foreman, on a culvert on the line of the company's road, receives an injury by and through the negligence of the conductor and of the engineer in moving and operating a passenger train upon the company's road, is a fellow servant with such engineer and such conductor, in such a sense as exempts the railroad company from liability for the injury so inflicted."

In the argument of this case counsel for appellant rely upon the case of *Railroad Co.* v. *Ross*, 112 U. S., 377, in connection with the rule of the company, number 89, to bring their case within the rule laid down in the above

decision. The rule provides that "in case an engine is run over any portion of the road unaccompanied by a conductor, the engineer must perform the duties and make the reports of a conductor, in addition to his own," and insist that this rule clothes the engineer with the duties and powers of the conductor, when running the engine in the absence of a conductor. If this contention should be maintained it would clothe the railroad company with power to make rules to such an extent as would change the law and relieve such company from liability. This was the holding in the case of *Baltimore & Ohio Railroad Co.* v. *Baugh*, 149 U. S., 379, where a similar rule to the one referred to was before the court for consideration. In connection with the question of fellow servants, the court said: "The Ross case, as it is commonly known, decided, that 'a conductor of a railroad train, who has a right to command the movements of a train and control the persons employed upon it, represents the company while performing those duties, and does not bear the relation of fellow servant to the engineer and other employees on the train.' The argument is a short one. The conductor of a train represents the company, and is not a fellow servant with his subordinates on the train. The rule of the company provides that when there is no conductor, the engineer shall be regarded as a conductor. Therefore, in such case, he represents the company, and is likewise not a fellow servant with his subordinates. But this gives a potency to the rule of the company which it does not possess. The inquiry must always be directed to the real powers and duties of the official, and not simply to the name given to the office. The regulations of the company can not make the conductor a fellow servant with his subordinates, and thus overrule the law announced in the Ross case. Neither can it, by calling some one else a conductor

bring a case within the scope of the rule there laid down. In other words, the law is not shifted backward and forward by the mere regulations of the company, but applies generally, irrespective of all such regulations. There is a principle underlying the decision in that case, and the question always is as to the applicability of that principle to the given state of facts."

Further commenting upon the rule laid down in the Ross case, the court said : " The court, therefore, did not hold that it was universally true that, when one servant has control over another, they cease to be fellow servants within the rule of the master's exemption from liability, but did hold that an instruction couched in such general language was not erroneous when applied to the case of a conductor having exclusive control of the train in relation to other employees of the company acting under him on the same train. The conductor was, in the language of the opinion, ' clothed with the control and management of a distinct department;' he was ' a superintending officer,' as described by Mr. Wharton; he had ' the superintendency of a department,' as suggested by the New York Court of Appeals. * * * Thus, between the law department of a railroad corporation and the operating department, there is a natural and distinct separation, one which makes the two departments like two independent kinds of business, in which the one employer and master is engaged. So, oftentimes, there is in the affairs of such corporation what may be called a manufacturing or repair department, and another strictly operating department; these two departments are, in their relation to each other, as distinct and separate as though the work of each was carried on by a separate corporation. And from this natural separation flows the rule that he who is placed in charge of such separate branch of the service,

who alone superintends and has control of it, is as to it in the place of the master. But this is a very different proposition from that which affirms that each separate piece of work in one of those branches of service is a distinct department, and gives to the individual having control of that piece of work the position of vice-principal or representative of the master.''

In discussing the Ross case, the court, in the *U. P. R. R. Co.* v. *Hambly*, 154 U. S., 358, distinguishes the Ross case and says : '' The case was decided not to be one of fellow service upon the ground that the conductor was ' in fact, and should be treated as the personal representative of the corporation, for whose negligence it is responsible to subordinate servants.' The court drew a distinction between servants of a corporation, exercising no supervision over others engaged with them in the same employment, and agents of a corporation, clothed with the control and management of a distinct department, in which their duty is entirely that of direction and superintendence.' In that particular case the court found that the conductor had entire control and management of the train to which he was assigned, directed at what time it should start, at what speed it should run, at what stations it should stop, and for what length of time, and everything essential to its successful movements, and that all persons employed upon it were subject to his orders. Under such circumstances he was held not to be a fellow servant with the fireman, brakeman, and engineer.''

The facts in this case differ somewhat from the facts in the Ross case and from cases referred to from Utah. The plaintiff was a common track walker engaged in keeping the track in repair so that trains could pass up and down the road in safety. A wreck having occurred, he was

19 Utah — 14.

sent ahead by the section boss on a railroad velocipede to notify certain members of the section gang to come to Palisade and assist in removing the wreck. The engineer and fireman were sent back west with the engine and tender to reach a turntable so as to turn around and return to assist in removing the same wreck on the same road on which the plaintiff was working. The plaintiff and the engineer were in the same department of labor, working for the same object, under a common master. The line, object, and purpose of employment was the same at the time of the injury; their duties were such as would bring them to work at the same time and place; their respective services at the time had the common object and purpose of removing the wreck; they were employed and paid by the same general master in the same general line of work. So far as negligence is concerned the service of the train walker does not differ materially from the engineer running the train over the track. The mission of the one was to keep the track clear from obstructions, and to bring aid to assist in removing obstructions upon it, and put it in a condition so that the engineer, or the company by its engineer, could run trains over in safety, and at the same time remove himself from the danger of contact with the cars. In this case the plaintiff and the engineer were sent on the same errand; they were working to clear the track from a wreck; they both started on the same errand and were working with the same object in view. The plaintiff knew the engine was following him; he was aware of the danger he was in; his employment brought him in constant connection and contact with passing or moving trains. While he was on the lookout for the safety of passing trains when inspecting and repairing the track and while going upon this present mission, he was also bound to look out for his own safety and keep clear from passing engines. The laborer upon a railroad track,

whether he be a track walker or one operating a railroad velocipede, is frequently exposed to dangers of passing trains, and is bound to look out for them. The negligent management of the trains is a risk which is taken into consideration by him when entering into the service of the company. The general rule is that one who enters the service of another takes upon himself the ordinary risks of the negligent acts of his fellow servants in the course of their employment. The separate service had the common object of removing the wreck and running the cars. The departments of service, of the plaintiff, and the engineer, were not so far removed from each other but that the probability of coming in contact and incurring danger to each other from their negligent acts must have been in contemplation of the plaintiff when he entered the defendant's service. Each on entering the service and undertaking to remove the wreck, took the risk of the negligence of the other in performing their respective services. Under the great weight of authority neither can maintain an action for an injury caused by such negligence against their common employer. Had the plaintiff exercised that reasonable care and caution which he was called upon to exercise in the position in which he was placed, it is quite possible that he might have avoided the injury he complains of. By failing to use reasonable care, it can not be said that he did not contribute to bring upon himself the injury for which he seeks redress.

Upon a careful examination of all the decisions of the higher courts of the country, we are impelled to conclude that under the facts as shown, the plaintiff was a fellow servant of the engineer, and that the court committed no error in directing a verdict for the defendant.

The judgment of the district court is affirmed, with costs.

BARTCH, C. J., concurs.