# WILLIAM DANIELS, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

MASTER AND SERVANT.—NEGLIGENCE.—APPLIANCES.—The injury to respondent, a brakeman, was caused by a wreck from a broken wheel; there was an old crack in the wheel, which could have been discovered by a reasonable inspection; *held*, that it was the duty of the company to furnish reasonably safe cars, and the failure to use reasonable care in having them inspected at proper intervals was negligence.

ID.—ID.—FELLOW SERVANT.—A car inspector is not a fellow servant with a train brakeman, since they are not engaged in the same line of work, or under the control of the same foreman, or do not labor together in such relation that the one can exercise an influence upon the other promotive of a proper caution for their mutual safety.

ID.--ID.--PERSONAL INJURY.—DAMAGES.—It is the province of the jury to estimate the damages for a personal injury, and where the respondent was lamed and deformed in one leg for life and permanently disabled in one shoulder, so that he was rendered unable to perform manual labor and suffered unnecessarily in mind and body, a verdict of $10,000 damages will not be disturbed.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Mr. P. L. Williams* for the appellant.

*Mr. Arthur Brown* for the respondent.

BLACKBURN, J.

This is a suit by a brakeman, an employe of the defendant company, for an injury to him while in the line of his duty on a train that was wrecked. He was severely injured, and permanently in one leg and one of his shoulders, so as to be unable to perform manual labor. The evidence tends to show that the train on which the plaintiff was at work as brakeman was wrecked by a broken wheel; that

there was an old crack in the wheel, which could have been seen by proper inspection; and the question was fairly submitted to the jury, and they found that this was negligence in the defendant company. We think the evidence abundantly supports this finding. It was the duty of the company to furnish reasonably safe cars for the running trains, and to have them inspected with reasonable care at proper intervals; and, if an employee was injured by a neglect to perform this duty, the company is liable to him for the damage he sustained. On this branch of the subject we see no error.

The instructions, as we think, state well and fairly the law of the case, and no point is made on them in the brief of appellant's counsel; but the contention of the defendant company is that, if there was negligence, it was the negligence of the car-inspector, and he was the fellow servant of the respondent. If this contention is true, the respondent cannot recover, and this case should be reversed. As to who are fellow servants, there have been a great many and great variety of decisions, and it would serve no useful purpose to review them. However various, the decisions agreé that the weight of authority is that, in order to constitute servants of one master fellow servants, within the rule *respondeat superior*, they must be engaged in the same line of work, be under the control of the same foreman, be employed and discharged by the same head of the department in which they work; that they labor together in such personal relations that they can exercise an influence upon each other promotive of proper caution in respect of their mutual safety; that they shall be at the time of the injury directly co-operating with each other in the particular business in hand, or that their mutual duties shall bring them into habitual conassociation, as that they may exercise an influence upon each other promotive of proper caution, and to be so situated in their labor, to some extent, to supervise and watch the conduct of each other as to skill, diligence and carefulness. *Railroad Co.* v. *Kelly,* 127 Ill. 637, 21 N. E. Rep. 203. The evidence in this case clearly shows that the inspector of cars is not in the same line of work with the brakeman. He has nothing to do

with the running of trains; is not under the control of the conductor, but reports to, is appointed by, and may be discharged by, and is under the direction of, the foreman of the repair shops; has no conassociation with, and is rarely seen by, the brakeman on the train, unless casually noticed by him when the train is stopped. They have no work in common; are not so associated in their labor as to be able to act together in a way promotive of their mutual safety. We cannot say, therefore, as a matter of law, that the car inspector, in this case, was a fellow servant of the respondent when the accident occurred.

It is contended, also, by appellant that the damages are excessive. On that point the jury were properly instructed. It is peculiarly the province of the jury to estimate the damages in this class of cases; and they doubtless took into consideration, what they were legally authorized to do, that the respondent was lamed and deformed in one leg for life, and permanently disabled in one shoulder, so that he was wholly rendered unable to perform manual labor; that he was rendered entirely helpless by the accident; that he was neglected for more than two days before his wounds were dressed; and that he suffered unnecessarily in mind and body from his injury. The damages are seemingly heavy, but, in view of the facts of the case, we do not think they are so excessive as to justify a renewal. Therefore, we cannot say that the jury were influenced by passion or prejudice in assessing the damages at the amount they did. We think, therefore, the judgment should be affirmed. Judgment affirmed.

Henderson, J., and Anderson, J., concurred.