# NORTHERN PACIFIC RAILROAD COMPANY *v.* HAMBLY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NORTH DAKOTA.

No. 187. Submitted December 21, 1893.—Decided May 26, 1894.

A common day laborer in the employ of a railroad company, who, while working for the company under the order and direction of a section " boss " or foreman, on a culvert on the line of the company's road, receives an injury by and through the negligence of the conductor and of the engineer in moving and operating a passenger train upon the company's road, is a fellow-servant with such engineer and such conductor, in such a sense as exempts the railroad company from liability for the injury so inflicted.

THIS was an action by Hambly to recover damages for personal injuries sustained by him while acting as helper to a crew of masons engaged in building a stone culvert for the defendant company on its right of way about two miles west of Jamestown in North Dakota. 'Upon the trial of the case before a jury, the following facts were proven and admitted to be true by both parties, viz.: "That the plaintiff was a common laborer in the employ of the defendant company, and at the time he received the injury, which is the ground of this action, he was in the service of the defendant, working under the direction and supervision of a section 'boss' or foreman of the defendant company, assisting in building a culvert on defendant's line of railroad, and that while so engaged, the injury complained of and for which he sues, was inflicted upon him by being struck by a locomotive of a moving passenger train on the defendant's road, (said train belonging to the defendant, and being operated by a conductor and engineer in its employ,) and that the injury he received by coming in contact with said passenger train, and which is the injury sued for in this cause, was due solely to the misconduct and negligence of the conductor and locomotive engineer on said passenger train, in operating and conducting the movements of said train."

Upon the foregoing facts, defendant prayed for an instruction to the jury that the engineer and conductor of the passenger train were fellow-servants with the plaintiff, and hence that the defendant company was not liable for the injury received by the plaintiff through their negligence. Upon the question of giving such instruction the opinions of the judges were opposed, and the Circuit Judge being of opinion that the plaintiff and said conductor and engineer were not fellow-servants in the sense that would exempt the defendant from liability, so instructed the jury, which returned a verdict for the plaintiff in the sum of $2500, upon which judgment was entered. Defendant thereupon moved for a new trial, upon the granting of which the judges were opposed in opinion. The motion was denied, and the judges certified the following questions for the opinion of this court:

"1. Whether, on the admitted facts of this case herein-before set out, the jury should have been instructed that the plaintiff and said conductor and engineer were fellow-servants, and that they should return a verdict for the defendant.

"2. Whether, on the facts hereinbefore set out, the court should have set aside the verdict and judgment in the case and granted defendant a new trial.

"3. Whether the plaintiff, who was a common day laborer in the employ of the defendant, (which is a railroad company owning and operating a line of railroad,) and who was at the time he received the injury complained of working for the defendant under the order and direction of a section 'boss' or foreman on a culvert on the line of defendant's road, was a fellow-servant with the engineer and conductor operating and conducting a passenger train on the defendant's road, in such a sense as exempted the defendant from liability for an injury inflicted upon plaintiff by and through the negligence of said conductor and engineer in moving and operating said passenger train."

*Mr. James McNaught, Mr. A. H. Garland,* and *Mr. H. J. May* for plaintiff in error.

*Mr. S. L. Glaspell* for defendant in error.

In *Chicago, Milwaukee &c. Railway* v. *Ross*, 112 U. S. 377, it is assumed that the conductor of a train of cars has entire control and management of the train to which he is assigned, and is the superior of the engineer. On the other hand, *Randall* v. *Baltimore & Ohio Railroad*, 109 U. S. 478, holds the engineer to be a fellow-servant of a brakeman of another train, working a switch. It is therefore important to know whether the negligence in this case is to be charged to the engineer or to the conductor, and in what it consisted. In the certificate the negligence is attributed to them jointly; but the facts constituting negligence are not stated; and this court is called upon to give an opinion upon a purely hypothetical question which may be wide of the real question at

issue.   How can the conductor and engineer be jointly guilty
of the proximate act which resulted in the injury to defendant
in error?   If the fault was that of the conductor, then is the
railroad company liable as for the acts of its representative
or vice-principal; but if the fault was that of the engineer,
then he is held to be a fellow-servant.

The maxim, respondeat superior, does not apply so as to
make a master responsible for injuries caused to one servant
by the negligence of another in the same common employ-
ment, but this exception to a general rule has been subjected
to various limitations.

As a limitation upon the fellow-servant rule, the exception
has been made and is now quite well established, that when
servants are engaged in distinct and separate departments of
service, where their employment does not require coöperation,
and does not result in mutual contact or bring them together
in such relation that they may exercise upon each other an
influence promotive of caution or safety, the rule does not
apply.

The reasons for the fellow-servant rule do not fit the facts
of this case.   There are two principal reasons urged for ex-
empting the master from liability to one servant for an injury
caused by the negligence of another servant in the same em-
ployment: (1) That the servant contracted his services with
reference to and assumed the risk resulting from the negli-
gence of his fellow-servant.   (2) The expediency of throwing
the risk on those who can best guard against it.

The first reason is inapplicable here, because it applies only
to the ordinary risks of the service.   *Baird* v. *Pettit*, 70
Penn. St. 477.

The second reason was first declared by Shaw, C. J., in
*Farwell* v. *Boston & Worcester Railroad*, 4 Met. (Mass.) 49.
But it was not a good reason when enunciated; and when
applied to railroad corporations of the present day it is en-
tirely unfounded and misleading.

To say, as in the *Farwell case*, that the engineer who was
injured was an observer of the conduct of the switchman who
negligently left a switch open, and could best guard against

such negligence, is unwarranted by common knowledge of railroad business.

Assuming in the present case that the negligence was that of the conductor or persons having the care and control of a moving passenger train, can it be said that such a reason will fit the facts of this case? Can Hambly, a common laborer working on a culvert on the line of a railroad be said to be an observer of the conduct of the person or persons in charge of the passenger train? Does he have any opportunity to guard against their negligence? Does he come in contact with them so as to learn their habits, methods, or recklessness? He has nothing to do with train service, may never before have seen the conductor or engineer. It is manifest that one in his position could have no influence over the persons in charge of the passenger train since their business did not bring them together.

That persons in charge of trains are not fellow-servants in the same common employment with persons working along the track, see *Garrahby* v. *Kansas City, St. Joseph &c. Railroad*, 25 Fed. Rep. 258; *Pike* v. *Chicago & Alton Railroad*, 41 Fed. Rep. 95; *Chicago & Northwestern Railroad* v. *Moranda*, 93 Illinois, 302; *Sullivan* v. *Missouri Pacific Railway*, 97 Missouri, 113; *Richmond & Danville Railroad* v. *Normont*, 4 S. E. Rep. 211; *King* v. *Ohio &c. Railroad*, 14 Fed. Rep. 277.

The rule laid down in the *Farwell case* was grounded on public policy, the court saying that, "in considering the rights and obligations arising out of particular relations, it is competent for courts of justice to regard considerations of policy and general convenience, and to draw from them such rules as will, in their practical application, best promote the safety and security of all parties concerned."

Not being founded in exact justice, the reasons for the rule have failed in a variety of cases and a number of limitations have arisen or sprung from the hardships of a general application of a rule founded solely on alleged public policy. *Northern Pacific Railroad* v. *Herbert*, 116 U. S. 642; *Ross* v. *Chicago, Milwaukee &c. Railroad*, 112 U. S. 377; *Ryan* v. *Chicago &*

*Northwestern Railway*, 60 Illinois, 171; *Chicago & Alton Railroad* v. *Kelley*, 21 N. E. Rep. 203; *St. Louis & San Francisco Railway* v. *Weaver*, 11 Pac. Rep. 408; *Madden* v. *Chesapeake & Ohio Railway*, 28 W. Va. 610; *Northern Pacific Railroad* v. *O'Brien*, 21 Pac. Rep. 32; *Cooper* v. *Mullins*, 30 Georgia, 146; *O'Donnell* v. *Allegheny Valley Railroad*, 59 Penn. St. 239; *Moon* v. *Richmond & Allegheny Railroad*, 78 Virginia, 745; *Nashville &c. Railroad* v. *Carroll*, 6 Heisk. 347; *Louisville & Nashville Railroad* v. *Sheets*, 13 S. W. Rep. 248 (Ky.); *Donaldson* v. *Miss. & Mo. Railroad*, 18 Iowa, 280.

If the reasons which influenced the Farwell decision do not exist; if one of these employés did not assume the risk of the conductor's negligence more than or differently from the other, and it would be absurd to say that such is the case, if the employé on another train has no better opportunity of observing the conduct of the conductor than one on the same train with such conductor, then there is no theory or principle to distinguish between the two cases, and the master would be liable in both.

With greater force can it be asked, upon what theory can it be held that the conductor of the passenger train in the case at bar was a fellow-servant with the laborer at work on a culvert on the railroad? Under the authority of the *Ross case*, if the brakeman on the train had been injured in the same negligent circumstance, the company would be held liable. Yet the brakeman was acquainted with the conductor, made the run with him frequently, knew his habits and had a better opportunity to observe his actions than the laborer working on the culvert.

Hambly was not engaged in and had no such knowledge of train service as was possessed by the brakeman. His duties did not bring him to work at the same place and at the same time as the conductor. Their separate service did not have a common object. While they were both servants of the same master, the one was engaged in the train department and the other in the bridge department. Unless the entire operations of an extensive and widespread railroad corporation can be

grasped in the expression, general business or common employment, then these men were not fellow-servants. While it may be said that the conductor represented the master as a vice-principal, and was for that reason not a fellow-servant with the defendant in error, yet it seems the better reason that he was not a fellow-servant because not in the same common employment

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

The third question certified to this court, and the only one it is necessary for us to consider, involves the inquiry whether the plaintiff Hambly and the conductor and engineer of the passenger train were, either by the common law or the statute of Dakota, fellow-servants in such sense as to exempt the defendant railway from liability.

There is probably no subject connected with the law of negligence which has given rise to more variety of opinion than that of fellow-service. The authorities are hopelessly divided upon the general subject as well as upon the question here involved. It is useless to attempt an analysis of the cases which have arisen in the courts of the several States, since they are wholly irreconcilable in principle, and too numerous even to justify citation. It may be said in general that, as between laborers employed upon a railroad track and the conductor or other employés of a moving train, the courts of Massachusetts, Rhode Island, New York, Indiana, Iowa, Michigan, North Carolina, Minnesota, Maine, Texas, California, Maryland, Pennsylvania, Arkansas, and Wisconsin hold the relation of fellow-servants to exist. *Farwell* v. *Boston & Worcester Railroad*, 4 Met. (Mass.) 49 ; *Clifford* v. *Old Colony Railroad*, 141 Mass. 564; *Brodeur* v. *Valley Falls Co.*, 17 Atl. Rep. 54 ; *Harvey* v. *New York Central Railroad*, 88 N. Y. 481 ; *Gormley* v. *Ohio & Mississippi Railway*, 72 Indiana, 31 ; *Collins* v. *St. Paul & Sioux City Railroad*, 30 Minnesota, 31 ; *Pennsylvania Railroad* v. *Wachter*, 60 Maryland, 395 ; *Houston &c. Railway* v. *Rider*, 62 Texas, 267 ; *St.*

*Louis & Iron Mountain Railway* v. *Shackelford*, 42 Arkansas,
417; *Blake* v. *Maine Central Railroad*, 70 Maine, 60; *Ryan*
v. *Cumberland Valley Railroad*, 23 Penn. St. 384; *Sullivan*
v. *Miss. & Mo. Railroad*, 11 Iowa, 421; *Fowler* v. *Chicago &
Northwestern Railway*, 61 Wisconsin, 159; *Kirk* v. *Atlantic
&c. Railway*, 94 N. C. 625; *Quincy Mining Co.* v. *Kitts*, 42
Michigan, 34; *Keystone Bridge Co.* v. *Newberry*, 96 Penn. St.
246: while in Illinois, Missouri, Virginia, Ohio, and Kentucky
the rule is apparently the other way. *Chicago & North-
western Railroad* v. *Moranda*, 93 Illinois, 302; *Sullivan* v.
*Missouri Pacific Railway*, 97 Missouri, 113; *Richmond &
Danville Railroad* v. *Normont*, 4 S. E. Rep. 211; *Dick* v.
*Railroad Co.*, 38 Ohio St. 389; *Louisville &c. Railroad* v.
*Caven*, 9 Bush, 559; *Madden* v. *Chesapeake & Ohio Railway*,
28 W. Va. 610. The cases in Tennessee seem to be divided.
*East Tennessee &c. Railroad* v. *Rush*, 15 Lea, 145; *Louisville
& Nashville Railroad* v. *Robertson*, 9 Heisk. 276; *Haley* v.
*Mobile & Ohio Railroad*, 7 Baxter, 239; *Nashville & Decatur
Railroad* v. *Jones*, 9 Heisk. 27; *East Tennessee &c. Railroad*
v. *Gurley*, 12 Lea, 46.

In this court the cases involving the question of fellow-
service have not been numerous nor, perhaps, altogether har-
monious. The question first arose in the case of *Randall* v.
*Baltimore and Ohio Railroad Company*, 109 U. S. 478, in
which a brakeman, working a switch for his train on one
track in a railroad yard, was held to be a fellow-servant of an
engineer of another train upon an adjacent track, upon the
theory that the two were employed and paid by the same
master, and that their duties were such as to bring them to
work at the same place at the same time, and their separate
services had as a common object the moving of trains. It is
difficult to see why, if the case under consideration is to be
determined as one of general and not of local law, it does
not fall directly within the ruling of the *Randall case*. The
services of a switchman in keeping a track clear for the pas-
sage of trains do not differ materially, so far as actions
founded upon the negligence of train men are concerned, from
those of a laborer engaged in keeping the track in repair;

neither of them is under the personal control of the engineer or conductor of the moving train, but both are alike engaged in an employment necessarily bringing them in contact with passing engines, and in the "immediate common object" of securing the safe passage of trains over the road. As a laborer upon a railroad track, either in switching trains or repairing the track, is constantly exposed to the danger of passing trains, and bound to look out for them, any negligence in the management of such trains is a risk which may or should be contemplated by him in entering upon the service of the company. This is probably the most satisfactory test of liability. If the departments of the two servants are so far separated from each other that the possibility of coming in contact, and hence of incurring danger from the negligent performance of the duties of such other department, could not be said to be within the contemplation of the person injured, the doctrine of fellow-service should not apply. In this view it is not difficult to reconcile the numerous cases which hold that persons whose duty it is to keep railroad cars in good order and repair are not engaged in a common employment with those who run or operate them. The case of *Northern Pacific Railroad* v. *Herbert*, 116 U. S. 642, is an illustration of this principle. The plaintiff in this case was a brakeman in defendant's yard at Bismark, where its cars were switched upon different tracks and its trains were made up for the road. He received an injury from a defective brake, which had been allowed to get out of repair through the negligence of an officer or agent of the company who was charged with the duty of keeping the cars in order. It was held, upon great unanimity of authority both in this country and in England, that the person receiving and the person causing the injury did not occupy the relative position of fellow-servants. See also *Hough* v. *Railway Co.*, 100 U. S. 213; *Union Pacific Railway* v. *Daniels*, 152 U. S. 684. Even in Massachusetts, whose courts have leaned as far as any in this country in supporting the doctrine of fellow-service, it has been held that agents who are charged with the duty of supplying safe machinery are not to be regarded as fellow-servants with those

who are engaged in operating it. *Ford* v. *Fitchburg Railroad*, 110 Mass. 240.

Directly in line with the case of *Randall* v. *B. & O. Railroad Co.* is that of the *Quebec Steamship Co.* v. *Merchant*, 133 U. S. 375, in which the stewardess of a steamship belonging to a corporation brought suit to recover damages for personal injuries sustained by her by reason of a defective railing at a gangway, which gave way as she leaned against it, and precipitated her into the water. The railing had been recently removed and the gangway opened to take off some freight, and had not been properly replaced by the porter and carpenter of the ship whose duty it was to replace them. It was held that, as the porter and carpenter were fellow-servants with the stewardess, the corporation was not liable. Said Mr. Justice Blatchford: "As the porter was confessedly in the same department with the stewardess, his negligence was that of a fellow-servant. The contention of the plaintiff is that, as the carpenter was in the deck department and the stewardess in the steward's department, those were different departments in such a sense that the carpenter was not a fellow-servant with the stewardess. But we think that, on the evidence, both the porter and the carpenter were fellow-servants with the plaintiff. The carpenter had no authority over the plaintiff, nor had the porter. . . . There was nothing in the employment or service of the carpenter or the porter which made either of them any more the representative of the defendant than the employment and service of the stewardess made her such representative." The division of the crew into departments was treated as evidently for the convenience of administration upon the vessel, but having no effect upon the question of fellow-service. See also *Baltimore & Ohio Railroad* v. *Andrews*, 50 Fed. Rep. 728.

The case of the *Chicago, Milwaukee &c. Railway* v. *Ross*, 112 U. S. 377, is claimed to have laid down a different doctrine, and to be wholly inconsistent with the defence set up by the railroad in this case. This action was brought by the engineer of a freight train to recover damages occasioned by the joint negligence of the conductor of his own train and

that of a gravel train with which it came in collision. The case was decided not to be one of fellow-service upon the ground that the conductor was "in fact, and should be treated as, the personal representative of the corporation, for whose negligence it is responsible to subordinate servants." The court drew a distinction "between servants of a corporation, exercising no supervision over others engaged with them in the same employment, and agents of a corporation, clothed with the control and management of a distinct department, in which their duty is entirely that of direction and superintendence." In that particular case the court found that the conductor had entire control and management of the train to which he was assigned, directed at what time it should start, at what speed it should run, at what stations it should stop, and for what length of time, and everything essential to its successful movements, and that all persons employed upon it were subject to his orders. Under such circumstances he was held not to be a fellow-servant with the fireman, brakeman, and engineer, citing certain cases from Kentucky and Ohio, which maintained the same view.

It may be observed that quite a different question was raised in that case from the one involved here, in the fact that the liability of the company was placed upon a ground which has no application to the case under consideration, viz., that the person sustaining the injury was under the direct authority and control of the person by whose negligence it was caused. That it was not, however, intended in that case to lay down as a universal rule that the company is liable where the person injured is subordinate to the person causing the injury, is evident from the latest deliverance of this court in *Baltimore & Ohio Railroad* v. *Baugh,* 149 U. S. 368, in which an engineer and fireman were held to be, when engaged in their respective duties as such, fellow-servants of the railroad company, and the firemen precluded by principles of general law from recovering damages from the company for injuries caused by the negligence of the engineer.

Neither of these cases, however, is applicable here, since they involved the question of "subordination" of fellow-

servants and not of "different departments." Of both classes of cases, however, the same observation may be made, viz., that to hold the principal liable whenever there are gradations of rank between the person receiving and the person causing the injury, or whenever they are employed in different departments of the same general service, would result in frittering away the whole doctrine of fellow-service. Cases arising between persons engaged together in the same identical service, as, for instance, between brakemen of the same train or two seamen of equal rank in the same ship, are comparatively rare. In a large majority of cases there is some distinction either in respect to grade of service, or in the nature of their employments. Courts, however, have been reluctant to recognize these distinctions unless the superiority of the person causing the injury was such as to put him rather in the category of principal than of agent, as, for example, the superintendent of a factory or railway, and the employments were so far different that, although paid by the same master, the two servants were brought no farther in contact with each other than as if they had been employed by different principals.

We think this case is indistinguishable in principle from *Randall's case*, which was decided in 1883, and has been accepted as a sound exposition of the law for over ten years; and that, unless we are prepared to overrule that case, the third question certified must be answered in the affirmative. The authorities in favor of the proposition there laid down are simply overwhelming.

We have thus far treated this case as determinable by the general and not by the local law, as was held to be proper both in the Ross case and in the case of Baugh. In so holding, however, the court had in view only the law of the respective States as expounded by their highest courts. Wherever the subject is regulated by statute, of course the statute is applied by the Federal courts pursuant to Revised Statutes, section 241, as a "law" of the State.

By section 3753, Compiled Laws of Dakota Territory, in one of the courts of which this case was originally com

menced, " an employer is not bound to indemnify his employé for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employé." In the case of *Elliot* v. *Chicago, Milwaukee &c. Railroad*, 41 N. W. Rep. 758, a case which arose after the enactment of the above statute, the Supreme Court of the Territory held that a section foreman and a train conductor were co-employés within the purview of this statute, and were " engaged in the same general business." While this construction, given by the Supreme Court of a Territory, is not obligatory upon this court, it is certainly entitled to respectful consideration, and in a doubtful case might well be accepted as turning the scale in favor of the doctrine there announced. The opinion is a very elaborate one, reviews a large number of cases, and follows those of New York, Pennsylvania, and Massachusetts, as founded upon sounder principles. We may safely assume that the construction thus given to this statute will not be overruled by the courts of the two States which have succeeded the Supreme Court of the Territory without most cogent reasons for their action.

The third question certified must be answered in the affirmative.

The CHIEF JUSTICE, MR. JUSTICE FIELD, and MR. JUSTICE HARLAN dissented.