MARTIN v. CHICAGO & A. RY. CO.

(Circuit Court, W. D. Missouri, W. D. January 21, 1895.)

INJURY TO BRAKEMAN—FELLOW SERVANTS.

Injury to a brakeman of a train, while coupling the front car to the engine, by the backing, without warning, of the yard engine against the rear of the train, under the orders of the train master, through the conductor of the train, to the yard master, to take cars out of the train which had got in it by mistake, is an injury occasioned by the negligence of fellow servants, for which, therefore, the railroad is not liable, as, even if the train master is not a fellow servant, his order is proper, and the negligent execution of it is the cause of the injury.

Action by one Martin against the Chicago & Alton Railway Company for injuries received in its employment. Heard on motion to set aside a nonsuit.

Heitman & Adams, for plaintiff.
Wash Adams, for defendant.

PRIEST, District Judge. The charge of negligence made in this case is that the train master, who had full charge of the work in the yards at Roodhouse, after the train with which the plaintiff was connected as brakesman had been made up to go out on the road, gave an order through the conductor in charge of plaintiff's train, to the yard master to take out of the train thus made up three cars which, through inadvertence, had been put in it. In the execution of this order, by the act of taking hold of the rear end of the train with the switch engine, the cars were moved forward, and caught plaintiff's arm between the road engine and front car of the train while he was in the act of coupling the two together. No information of such movement or of the intention to take the three cars out of the train was imparted to the plaintiff. This is the essence of the charge contained in a very voluminous and verbose petition, which deals largely with immaterial facts, legal arguments, conclusions, and deductions. Do these charges constitute a ground of recovery against the defendant, even if proven as charged? The safest guide to keep ever present in the mind when discussing the relation of master and servant is that of the contract of employment, and the necessarily implied obligations which arise out of the simple engagement of the one to enter into the employment and service of the other. This chart will always afford a satisfactory and consistent solution of propositions that often present themselves in a complex form. The measure of duty upon the one hand is the limit of liability, and, upon the other, the right to demand compensation for injury sustained. So far as the master's duties to the servant growing out of the contract of service are concerned, they are limited to the exercise of ordinary care in providing a safe place to work, reasonably fit machinery with which to do the work, and competent fellow workmen; and for all injuries which the servant may receive, not growing out of the violation of any of these positive and nonassignable obligations of the master, he undertakes, himself, to bear. Applying these fundamental principles to the facts charged in the petition, it is perfectly manifest that the one who gave the order and those who executed it were fellow servants with the plaintiff, for whose neglect the master is in no wise held responsible. Both the order and the execution of it were details of the work which necessarily devolved upon the plaintiff's fellow servants, and neither of them was a performance of any of the personal obligations of the master arising out of the contract of employment. Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914; Railroad Co. v. Hambly, 154 U. S. 349, 14 Sup. Ct. 983; Railway Co. v. Needham, 11 C. C. A. 56, 63 Fed. 107. But if we were to concede that the order given, and which is characterized as a negligent one, falls within the purview of the master's

personal undertaking, no different result would follow. The order, in and of itself, was a perfectly proper one; one which the situation and circumstances required to be given. The fault, if any, which resulted in the plaintiff's injuries, attended the execution of the order as an incident of that act, and was not naturally or necessarily inherent in or resultant from the order. It was the fault of those who were called upon to execute the order. If in carrying out the order those in charge of the work had reason to suppose that some one connected with the train already made up might be in a position of peril from moving it those circumstances would require them to give timely warning before attaching the switch engine onto the train, and the failure to give such warning, under such circumstances, might be an act of negligence; but it was the carelessness of those appointed to do the work, who are fellow servants with the plaintiff, and not a natural consequence of the giving of the order. The train master, when giving the order, had the right to assume that it would be properly carried out; that those appointed to execute it would exercise all reasonable and needful caution in doing so. No one could for a moment reasonably contend that it would be incumbent upon the train master, every time he ordered a train out on the road, to caution the engineer to blow the whistle at stations and at public crossings, and to run trains so as to avoid negligent injury of person or property, or specifically charge the brakemen that they should be cautious and watchful in the performance of their several duties, giving warning where warning should be made, and admonition where circumstances required it. He has the right to presume that all these things will be done as a necessary part of the servant's duty in connection with his work. These are all matters of detail incident to the performance of the servant's duty. Card v. Eddy (Mo. Sup.; December Term, 1894) 28 S. W. 979; Relyea v. Railroad Co., 112 Mo. 95, 20 S. W. 480.

Plaintiff has presented an amended petition, and asks that the motion to set aside the nonsuit be sustained, in order that he may file it. The application comes too late, but, even were it within the proper time, the legal aspect of this case would not be modified by it. The motion to set aside nonsuit will be overruled.