493 P.2d 997

Pamela M. PETERSON and Carla Jan Peterson, by and through her guardian, Pamela M. Peterson, Plaintiffs and Appellants, Industrial Indemnity Company, Plaintiff in Intervention and Appellant,

v.

Robert A. FOWLER et al., Defendants and Respondents.

No. 12455.

Supreme Court of Utah.

Feb. 4, 1972.

---

Jackson Howard, Howard & Lewis, Provo, Wallace R. Lauchnor, F. Robert Bayle, Bayle & Lauchnor, Salt Lake City, for intervenor.

Reed L. Martineau, Worsley, Snow & Christensen, Earnest F. Baldwin, Jr., Salt Lake City, for respondents.

ELLETT, Justice:

The plaintiffs are the dependents of Carl John Peterson, deceased. The Industrial Indemnity Company is the compensation insurance carrier for Peterson's employer and would be entitled to reimbursement in case plaintiffs recover in this action. Robert A. Fowler was the architect on the job on which the deceased was working at the time he lost his life. Lauren Burt, Inc., was an independent subcontractor furnishing and installing ceiling tile in the dome of a sports arena. The deceased worked for the general contractor, and his dependents are receiving an award pursuant to the Workmen's Compensation Act of Utah.

The general contractor and Lauren Burt, Inc., had contemplated that the scaffolding erected by another subcontractor who built the dome over the sports arena would be used in placing the ceiling tile therein. However, it became necessary to remove that scaffolding, and the general contractor requested a change order from the architect to permit it to construct a floating scaffolding suspended from eyebolts to be placed in various steel hubs located in the dome of the arena. The architect denied the request for a change order and refused to allow any extra pay for any such scaffolding. He told the general contractor to proceed with his work as he saw fit.

Lauren Burt, Inc., rented the scaffolding and used it to install the ceiling tile. The beams of the dome and the steel hubs in

which they were inserted had become weathered and dirtied since they were installed, and the general contractor was obligated to clean them. The deceased was employed to do that work, and an arrangement was made by and between the general contractor and Lauren Burt, Inc., whereby the deceased would do his cleaning work from the floating scaffolding. By the arrangement, deceased was required to place ceiling tile for Lauren Burt, Inc., when he had finished cleaning the beams and hubs which could be reached from the floating scaffolding. The foreman for Lauren Burt, Inc., was to keep track of the work done by the deceased, and the recorded time showed that the deceased worked approximately three-fourths of his time placing ceiling tile and one-fourth of his time cleaning beams and hubs. The agreement further provided that when the job was finished, Lauren Burt, Inc., would reimburse the general contractor for the fair value of the services rendered to it by the deceased.

The scaffolding fell, and all men working on it were killed, so no one knows exactly what work was being performed by the deceased at the time. However, since the cleaning had been completed and most of the tile placed, a jury might infer that the deceased was actually placing tile at the time of the accident. That inference cannot be drawn by the trial court on a motion for summary judgment.

The plaintiff sued a number of defendants, including the respondents herein. Pursuant to motions for summary judgment, the trial court dismissed the action as to the respondents and let the action pend as to other defendants.

Let us see if either or both of the respondents are entitled to dismissal as a matter of law based upon the undisputed issues of fact.

As to the architect, he had nothing whatsoever to do with the scaffolding. He neither designed it, constructed it, nor designated any material for it, nor did he have anything to do with renting or maintaining it. He owed no duty to the subcontractors or their employees in connection with that scaffolding. His responsibility was to his client, the owner of the building, and his duty in that regard was to see that the sports arena was properly erected so that it would be safe for the uses to which it would be put when finished. It is the duty of the Industrial Commission and not of the architect to see that contractors furnish their employees with safe places to work.[1]

The summary judgment was properly granted as to the architect.

As to Lauren Burt, Inc., hereinafter referred to as the respondent, the evidence

1. Section 35-1-16, U.C.A.1953.

might show negligence, since the scaffolding was modified by its employees in that they added extra weight in the nature of a bleacher-type superstructure on it. However, regardless of any such negligence, these plaintiffs cannot maintain an action against the respondent if the deceased was engaged in the same employment as was Lauren Burt, Inc., at the time of the accident.[2]

■ The term "same employment" has not been defined by our courts in connection with actions by employees against third parties, that is, against one other than their employer. However, the idea of "same employment" was well known in connection with the fellow-servant rule of law prior to the enactment of the Workmen's Compensation Act. The term "same employment" as set out in our Workmen's Compensation Act should be given the meaning which had been attached to it under the cases decided up to that time.

Prior to the enactment of the Workmen's Compensation Act, an employee could not sue his employer for injuries resulting from the negligent acts of a fellow servant. In determining what constituted fellow servants, the courts were in practical uniformity in holding that unless they were engaged in the same employment at the same time, they were not fellow servants so as to prevent an action against their common employer. If they were employed in separate departments of the same enterprise, they were not considered fellow servants unless their work was so related that they were likely to be in such proximity to one another that some special risk could be anticipated towards one if the other were negligent.[3]

In the case of Pool v. Southern Pacific Company,[4] plaintiff's deceased was repairing a railroad car on defendant's repair tracks. He was killed when a locomotive with a caboose attached to it was backed into the car under which he was working. The administrator of his estate sued the defendant railroad company, which claimed that the death resulted from the negligence of a fellow servant. This court affirmed the judgment for plaintiff and in doing so quoted the following language from the case of Northern Pac. R. R. Co. v. Hambly:[5]

If the departments of the two servants are so far separated from each other that the possibility of coming in contact and hence of incurring danger from the negligent performance of the duties of such other department, could not be said to be within the contemplation of the

2. Section 35–1–62, U.C.A.1953.

3. Prosser, Law of Torts, Third Edition, Hornbrook Series, § 81, p. 552.

4. 20 Utah 210, 225, 58 P. 326.

5. 154 U.S. 349, 14 S.Ct. 983, 38 L.Ed. 1009.

person injured, the doctrine of fellow service should not apply . . .

While the Pool case, supra, states what prevented the deceased therein and the engineer from being fellow servants, i. e., not in common employment, it is clear from the reading the decision what is meant by "common employment."

 To be fellow servants, they must be engaged in the same line of work and labor together in such personal relations that they can exercise an influence upon each other promotive of proper caution in respect of their mutual safety. They should be at the time of the injury directly operating with each other in the particular business at hand, or they must be operating so that mutual duties bring them into such co-association that they may exercise an influence upon each other to use proper caution and be so situated in their labor to some extent as to be able to supervise and watch the conduct of each other as to skill, diligence, and carefulness.[6] When workmen are so engaged, we think they are working in the same employment.

Our statute [7] prevents an injured employee or dependents of a deceased employee from suing the employer or any employee of the employer for injuries received on the job. Our statute [8] further provides that an injured employee, or his dependents in case of his death, may sue a third party for wrongful acts resulting in death or injury provided the third party is not in the same employment. "Same employment" as used in our Workmen's Compensation Act means work of the same general type and nature as that concurrently being performed by the defendant or its employees.

Two Utah cases—Murray v. Wasatch Grading Company [9] and Cook v. Peter Kiewit Sons Company [10]—denied recovery to injured plaintiffs on the theory that each was an employee of the defendant. Although the point was not raised in either of those two cases, it would appear that each plaintiff therein was at the time of his injury engaged in the same employment as was the third person who caused the harm, and this court undoubtedly would have so held had the matter been drawn to its attention.

The matter was before the Supreme Court of Oklahoma in the case of Thompson v. Kiester et al., 141 Okl. 69, 283 P. 1018 (1930). The plaintiff there was employed by one R. H. Hickey, whose business was to erect and repair oil-drilling rigs owned by the Prairie Oil and Gas Company. The defendants were drilling contractors em-

6. See Daniels v. Union Pacific Railway Company, 6 Utah 357, 23 P. 762.

7. Section 35–1–60, U.C.A.1953.

8. Section 35–1–62, U.C.A.1953.

9. 73 Utah 430, 274 P. 940 (1929).

10. 15 Utah 2d 20, 386 P.2d 616 (1963).

ployed to drill an oil well. They requested R. H. Hickey to send a man to repair their oil-drilling rig, and pursuant to that request the plaintiff and two other men were sent by Hickey to repair the rig. While they were doing that work, the defendants' boiler exploded and injured plaintiff, who brought a common-law action against the defendants. Since he was working for R. H. Hickey, he claimed that he was not in the same employment as were the defendants. The trial court sustained a demurrer to the complaint, and in affirming that ruling the Supreme Court of Oklahoma at page 1022 said:

In the case at bar, both Hickey, plaintiff's employer, and the defendants, carried insurance as provided by the Compensation Act. The plaintiff and defendants were engaged in developing an oil and gas lease for a common general employer, the Prairie Oil & Gas Company. What may have constituted an employee before the passage of the act, or what may constitute an employee now, without reference to the act, we do not need here discuss nor decide. We think, under the facts such as are here presented, that the plaintiff and defendants were in the same employ, as the term is used in the Compensation Act, and that the Legislature intended, as we think it had a right to do, that a person employed under such circumstances should seek his remedy before the Industrial Commission only.

In the instant case if at the time of the accident the deceased was applying tile on behalf of the respondent, under the two Utah cases cited above he would be an employee, and plaintiffs could not maintain the action. On the other hand, if at the time of the accident he was cleaning beams and hubs on behalf of the general contractor, the plaintiffs could not maintain the action because he was engaged in the same employment as the employees of the respondent.

In order to maintain this action, it would be necessary for the plaintiffs to sustain the burden of showing that deceased was neither employed by nor was he engaged in the same employment with the respondent. They have no proof of either proposition, and, therefore, the trial court did not err in granting summary judgment to the respondent.

The judgment of the trial court is affirmed, with costs to both respondents.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Justice (concurring):

I concur in affirming the judgment and in the decision generally. But I except from my concurrence the statement made at the conclusion of the discussion as to the architect that:

It is the duty of the Industrial Commission and not of the architect to see that

contractors furnish their employees with safe places to work.

I agree that *under the circumstances of this case it was not the duty of the architect* to see that the employees had a safe place to work.

That statement is sufficient in that it disposes of the pertinent issue: the liability of the architect. However, it is my opinion that the further gratuitous statement that:

It is the duty of the Industrial Commission . . . to see that contractors furnish their employees with safe places to work.

might be misconstrued if applied in other circumstances. It is to be conceded that there is some justification for the statement made because of the provisions of the statute referred to, Section 35–1–16, U.C.A.1953, which gives the Industrial Commission powers:

To supervise every employment and place of employment and to administer and enforce all laws for the protection of the life, health, safety and welfare of employees. [and to]

. . . fix such reasonable standards, and prescribe, modify and enforce such reasonable orders, for the adoption of safety devices, safeguards and other means or methods of protection, to be as nearly uniform as possible, as may be necessary to carry out all laws and lawful orders relative to the protection of the life, health, safety and welfare of employees in employment and places of employment.

Nevertheless, that statute giving the Industrial Commission general powers of supervision and to make rules and regulations as to workers' safety should be read and understood in relation to the total law concerning duties to workmen and liabilities which may arise for their injuries; and it should not be misunderstood, either as placing the sole or the primary responsibility on the Industrial Commission to have its representative present on every job at all times to safeguard the safety of employees, nor to relieve others who should bear that responsibility.