504 P.2d 1006

**Mark C. DOYLE, Plaintiff and Appellant,**

v.

**FACILITIES, INC., a Utah corporation,
Defendant and Respondent.**

**No. 12912.**

Supreme Court of Utah.

Dec. 26, 1972.

Thomas A. Duffin, of Cannon & Duffin, Salt Lake City, for plaintiff-appellant.

David W. Slagle, Salt Lake City, for defendant-respondent.

HENRIOD, Justice:

Appeal from a summary judgment dismissing a complaint sounding in negligence of defendant causing plaintiff to fall off the roof of a partially built schoolhouse. Affirmed with no costs on appeal.

One Oyler was the general contractor to build the schoolhouse. Oyler subcontracted with Tech Steel to put on the roof. Tech subcontracted with Facilities, defendant here, to put up the steel superstructure for the roof. Facilities contracted with plaintiff's employer, Steel Components, to install the steel roof decking. Plaintiff, who fell off the roof, said Facilities was negligent in affixing a steel joist,—ergo, Facilities was a third party, not under the control of Oyler, the general contractor, and thus suable, even though plaintiff Doyle accepted benefits under the Workmen's Compensation Act.

The contract which Oyler had with the county for a little red schoolhouse, called for subcontractors and sub-subcontractors, with a right to take over the subcontractor's obligations if not satisfactory.

The trial court concluded that under the circumstances, Doyle's remedy exclusively was under the Workmen's Compensation Act which, in cases like this, has a very broad application, as reflected in Title 35–1–42 Utah Code Annotated 1953 (Replacement Vol. 4, 1966):

Where any employer procures any work to be done wholly or in part for

him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, such contractor, and all persons employed by him, and all subcontractors under him, *and* all persons employed by any such subcontractors, shall be deemed, within the meaning of this section, employees of such original employer.

The facts of this case lend themselves to a dispositive application of two of our recent decisions,[1] and we so hold.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

---

[1]. Smith v. Brown, 27 Utah 2d 155, 493 P.2d 994 (1972); Peterson v. Fowler, 27 Utah 2d 159, 493 P.2d 997 (1972).