Wayne F. **BARNES**, Plaintiff and Appellant,

v.

**WHEELER MACHINERY COMPANY**, a corporation, Defendant and Respondent.

No. 13449.

Supreme Court of Utah.

April 1, 1974.

Frank J. Allen and Alan K. Jeppesen, Clyde, Mecham & Pratt, Salt Lake City, for plaintiff and appellant.

Stuart L. Poelman, Worsley, Snow & Christensen, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

This is an appeal by plaintiff from a judgment of no cause of action notwithstanding a verdict in his favor. Since the jury found in his favor, we must view the evidence in a light most favorable to his case. However, since there is not much dispute as to the facts of this case, we are at liberty to apply the law without regard to the effect it will have on either party.

The action arose out of an accident that occurred August 8, 1968, when appellant was attempting to service machinery located at a road construction site where he was working. When injured, he was an employee of Gibbons and Reed, the contractor on the job, and was being supervised by Demar W. Brimhall, a man for whom he had previously worked periodically for a period of 20 to 25 years prior to the accident. Mr. Brimhall owned, as part of his equipment, a D-343 Caterpillar electric generating set permanently housed in a mobile trailer. The diesel-driven generating unit had been purchased from Wheeler Machinery Company, defendant herein, in 1963.

At the time of the accident Brimhall was employed by the Gibbons and Reed Construction Company for work at a road construction project near Snowville, Utah. Gibbons and Reed also employed Brimhall's regular employees, including appellant and one Elmer Williams, for work on the project under Brimhall's supervision. Brimhall had leased his equipment to Gibbons and Reed, and it was being used on the job.

The generator unit began to leak oil at the front and rear crankcase seals, and Mr. Brimhall called Wheeler Machinery Company to send a mechanic to repair the leak. Brimhall testified that he told the plaintiff and Mr. Williams that a mechanic was coming and that they two should "get their stored supplies, and whatever they had, out of the way, and to be ready for him when he got there; . . ."

Mr. Williams testified, "Well, he just said that they had a man coming out from Wheeler's to put a new oil seal in the generator and he wanted us to get it separated and have it all cleaned out so's that the man could work on it."

The plaintiff testified that his instructions were "To get into the van and help Mr. Williams clean up and get started for the Wheeler's mechanic to come out and get a seal put in the generator."

Regardless of instructions, the plaintiff and Williams undertook to separate the generator from the motor. They had removed a ring of bolts and had a chain around the generator attempting to pull it away from the motor when Mr. Hards, the mechanic, arrived. They asked him why the two units would not come apart, and he told them that there were other bolts inside the housing which must be removed first. He went to get his tools, and when he returned shortly thereafter, the plaintiff had his hand in the hole in the housing feeling to ascertain if Mr. Williams had removed all bolts. The bolts were only four or five inches inside the housing and could be extracted by means of a box end wrench, and it was not necessary to put one's hand inside the housing to remove them. However, the plaintiff accidentally touched the starter button on the side of the motor, causing the motor to revolve, and as a result of the injury plaintiff lost a hand.

Mr. Hards had never seen the unit before and did not know where the switch button was. In answer to an inquiry, he had told the plaintiff and Williams that the blades should be rotated with a bar and not by the use of the motor. Even if he had known that they were intending to remove the inner bolts, he had no duty to supervise them in that work. Especially was he under no obligation to tell them not to accidentally start the motor while a hand was inside the housing.

We are unable to see any negligence on the part of Mr. Hards at all and certainly none which could be attributed to Wheeler Machinery Company. Mr. Hards was sent to do the very job which plaintiff and Williams were already trying to do when he arrived. He neither solicited their help nor had any authority to employ them on behalf of his employer.

Even if it be assumed that he had any authority to enlist their help, then they were engaged in the same employment,[1] and the plaintiff could not sue the defendant.[2]

The trial court should have granted the respondent's motion for a directed verdict, and there was no error on the court's part in granting a judgment notwithstanding the verdict.

The judgment is affirmed, and costs are awarded to the respondent.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

---

1. Peterson v. Fowler, 27 Utah 2d 159, 493 P. 2d 997 (1972).

2. Section 35–1–62, U.C.A.1953 (Replacement Vol. 4).