2010 UT 26

Jeff STAMPER, Aaron Stamper, David Stamper, and Christopher Stamper, the heirs and children of Sharon Stamper, deceased, Plaintiffs and Appellants,

v.

Rebecca JOHNSON, Defendant and Appellee.

No. 20090062.

Supreme Court of Utah.

April 30, 2010.

Kevin J. Sutterfield, Provo, for plaintiffs.

Robert C. Keller, Stephen T. Hester, Salt Lake City, for defendant.

PARRISH, Justice:

## INTRODUCTION

¶ 1 The heirs of Sharon Stamper ("Stamper") appeal the district court's entry of summary judgment for appellee, Rebecca Johnson ("Johnson"). In entering summary judgment, the district court ruled that the Stampers' wrongful death claim against Johnson was barred by the exclusive remedy provision of the Workers' Compensation Act (the "Act") because Johnson and Stamper were fellow servants at the time of the accident that caused Stamper's death. The district court erred in so ruling. While the status of Johnson and Stamper as fellow servants would have been determinative under a previous version of the Act, the applicability of the exclusive-remedy provision in the current Act does not turn on application of the fellow-servant doctrine. We therefore reverse the district court's grant of summary judgment.

## BACKGROUND

¶ 2 Stamper and Johnson were each employed by corporations owned by Steve Gilbert. Stamper was an employee of Gilbert Development Corporation ("Gilbert Development"), a general engineering and general contracting company. Her duties included cooking, cleaning, and performing other tasks assigned by Mr. Gilbert or his wife, Cyndi Gilbert. Johnson was an employee of Diamond G Rodeos ("Diamond G"), a rodeo organization company. Her duties included working with computers, welding, electrical work and landscaping. As part of her job,

Johnson frequently drove from the Gilberts' office in Toquerville, Utah to their office in Mesquite, Nevada, in either a Gilbert Development or a Diamond G vehicle, whichever was available. Sometimes Johnson brought Stamper along as a passenger. Despite their employment with two different companies and their distinct job duties, Stamper's and Johnson's tasks often overlapped, and they sometimes worked together at the request of the Gilberts.

¶ 3 On the morning of May 6, 2005, Cyndi Gilbert asked Johnson and Stamper to travel from Toquerville to Mesquite in order to move the Gilberts' home office to its new location. Johnson drove a Gilbert Development vehicle and Stamper rode in the front passenger seat. Shortly after leaving Toquerville, Johnson lost control of the vehicle and failed to safely negotiate a turn in the road. The vehicle rolled, landing on the passenger side. Stamper died as a result of injuries sustained in the accident.

¶ 4 Stamper's family received workers' compensation benefits under the Utah Workers' Compensation Act on behalf of Stamper's estate because Stamper had been killed in the course of her employment with Gilbert Development. The Stampers subsequently filed this suit against Johnson, alleging that her negligent driving caused Stamper's death. The district court granted summary judgment in favor of Johnson, ruling that the Stampers' claims against Johnson were barred by the exclusive remedy provision of the Act. *See* Utah Code Ann. § 34A–2–105(1) (Supp. 2009). In so ruling, the district court relied on *Peterson v. Fowler,* where this court interpreted the term "same employment" found in the pre–1975 Act's exclusive remedy provision as requiring application of the common-law fellow-servant doctrine.[1] 27 Utah 2d 159, 493 P.2d 997, 999–1000 (1972). Under the pre–1975 Act, an injured employee was barred from asserting an injury claim against his fellow servants. *See id.* The district court held that Johnson

---

1. While the district court's order cites to the current version of the Workers' Compensation Act, it relied on the fellow-servant doctrine to reach the determination that Johnson and Stamper were "engaged in the same employment," thereby barring the Stampers' claim

against Johnson. This was error because when the legislature revised the Act in 1975, it removed the language "same employment" from the exclusive-remedy provision, thereby rendering the fellow-servant doctrine inapplicable.

and Stamper were fellow servants because it was undisputed that Johnson and Stamper were "directly operating with each other in the particular business at hand [and] ... were engaged in the 'same employment' " at the time of the accident. Accordingly, the district court granted summary judgment in favor of Johnson.

¶ 5 The Stampers appeal the district court's ruling on two grounds. First, they argue that the court erred in granting Johnson's motion for summary judgment because there were disputed material facts about whether Stamper and Johnson were fellow servants at the time of the accident. Second, they argue that the district court misapplied the fellow-servant doctrine to the facts.

¶ 6 We agree that the district court erred, but not for the reasons advanced by the Stampers. We conclude that the court erred by relying on the common-law fellow-servant doctrine in its analysis of the Act. The 1975 amendments to the Act removed the term "same employment" from the Act. And it was the "same employment" provision that we determined had incorporated the common-law fellow-servant doctrine into the pre–1975 Act. Therefore, the common-law fellow-servant doctrine is no longer controlling in determining whether the benefits received under the Act are the exclusive remedy for the Stampers. Instead, the Act requires a determination of whether Johnson was an agent or an employee of Stamper's employer. We have jurisdiction in this case pursuant to Utah Code section 78A–3–102(3)(j) (2008).

## STANDARD OF REVIEW

■■■ ¶ 7 We review an appeal from a grant of summary judgment for correctness, giving no deference to the trial court's conclusions of law. *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600. We view the facts in the light most favorable to the nonmoving party. *Id.*

---

2. The Workers' Compensation Act was significantly amended in 1975.

3. The court in *Peterson* cited to the 1953 version of the Utah Code. The language of section 35–1–

## ANALYSIS

I. THE WORKERS' COMPENSATION ACT NO LONGER INCORPORATES THE FELLOW–SERVANT DOCTRINE

■■ ¶ 8 The district court erroneously relied on the fellow-servant doctrine in finding that the Stampers' claim was barred by the Workers' Compensation Act. At common law,

in order to constitute servants of one master[,] fellow-servants ... must be engaged in the same line of work; be under the control of the same foreman; be employed and discharged by the same head of the department under which they work; that they labor together in such personal relations that they can exercise an influence upon each other promotive of proper caution in respect of their mutual safety; that they shall be at the same time of the injury directly operating with each other in the particular business in hand ...."

*Pool v. S. Pac. Co.*, 20 Utah 210, 58 P. 326, 331 (1899) (quoting *Daniels v. Union Pac. Ry. Co.*, 6 Utah 357, 23 P. 762, 762 (1890)). In other words, to qualify as fellow servants, at the time of the injury, the employees must have been working together on the same task, or their separate tasks must have brought them together in such a way that they could influence each other to use caution. *See Peterson v. Fowler*, 27 Utah 2d 159, 493 P.2d 997, 1000 (1972).

¶ 9 This court had occasion to apply the common-law fellow-servant doctrine in *Peterson v. Fowler*, where we were asked to determine the reach of the pre–1975 exclusive-remedy provision of the Workers' Compensation Act.[2] 493 P.2d at 999. Under the statute at that time, an "injured employee, or in the case of death his dependents[,] ... [could] have an action for damages against" a third person who caused the injury or death so long as the third person was "not in the same employment." Utah Code Ann. § 35–1–62 (1966).[3] In *Peterson*, we recognized that "the idea of 'same employment' was well

---

62 did not change between 1953 and 1972. However, in 1966 the relevant section was moved from volume 4 to volume 4B of the Code. We therefore cite to the 1966 version for clarity.

known in connection with the fellow-servant [doctrine] prior to the enactment of the [Workers'] Compensation Act" and determined that the same language in the statute "should be given the meaning which had been attached to it under the cases decided up to that time." 493 P.2d at 999. Thus, we held that the Act's use of the term "same employment" was meant to incorporate the common-law fellow-servant doctrine. *Id.* at 999–1000.

¶ 10 In 1975, the legislature amended the Act. The 1975 amendment altered the exclusive remedy provision by replacing the reference to those in the "same employment" with the more specific phrase "a person other than an employer, officer, agent or employee of the employer." *Compare* Utah Code Ann. § 35–1–62 (1974), *with* Utah Code Ann. §§ 34A–2–105(1), –106(1) (2005). In granting summary judgment for Johnson, the district court relied on *Peterson* and its progeny, which had applied the fellow-servant doctrine under the prior version of the Act. 493 P.2d at 999–1000; *see also Bambrough v. Bethers,* 552 P.2d 1286, 1292–93 (Utah 1976) (using the fellow-servant doctrine to determine "same employment"). In their briefs and at oral argument, both sides continue to rely on *Peterson* in claiming that the exclusive remedy provision should or should not bar the Stampers' claim. However, the parties' and the district court's reliance on *Peterson* as controlling law is misplaced.

¶ 11 After the 1975 amendment, the Act no longer incorporated the fellow-servant doctrine, and any analysis of the exclusive remedy provision must be based on the current statutory language. "To interpret a statute, we always look first to the statute's plain language in an effort to give effect to the legislature's intent. . . ." *In re Olympus Constr., L.C.,* 2009 UT 29, ¶ 10, 215 P.3d 129.

¶ 12 The plain language of the Workers' Compensation Act no longer refers to "same employment" or makes any reference to the fellow-servant doctrine. We thus turn to the plain language of the Act. The current exclu-

sive-remedy provision of the Workers' Compensation Act provides employees injured during the scope of their employment with the exclusive remedy against their employer and "against any officer, agent, or employee of the employer." *Id.* § 34A–2–105(1). Conversely, an employee may have a cognizable claim against a third party if the person who caused the employee's injury is not "an employer, officer, agent, or employee of the employer." *Id.* § 34A–2–106(1). The removal of those in the "same employment" with the injured worker from the categories of individuals who cannot be sued under the exclusive remedy provision indicates that the legislature intended to abolish the fellow-servant doctrine's applicability under the Act.[4] By changing the plain language of the statute, the legislature eliminated the connection between the Act and the fellow-servant doctrine and further interpretation of the Act utilizing the common-law fellow-servant doctrine is therefore inappropriate.

¶ 13 We now turn to the proper application of the Workers' Compensation Act to determine if the Stampers' claim is barred by the exclusive-remedy provision.

## II. WHETHER THE WORKERS' COMPENSATION ACT IS THE EXCLUSIVE REMEDY FOR THE STAMPERS IS A QUESTION OF FACT

¶ 14 The district court held that the fellow-servant doctrine controlled and that it was undisputed that Stamper and Johnson were fellow servants at the time of the accident. It therefore granted summary judgment in favor of the Johnsons. But the correct inquiry is whether Johnson was an employee, officer, agent, or employer of Stamper's employer, which was Gilbert Development.

¶ 15 The exclusive-remedy provision prevents injured workers who are eligible for workers' compensation benefits from bringing a separate action against "an employer, . . . officer, agent, or employee of the employer" who may have contributed to the cause of the injury. Utah Code Ann. § 34A–

---

4. In *Goheen v. Yellow Freight Sys.,* the Tenth Circuit determined that the change in the language of the statute did not indicate "that the Utah legislature intended to eliminate the recog- nized Utah loaned servant doctrine." 32 F.3d 1450, 1453 (10th Cir.1994). As explained herein, we disagree.

2–105(1) (2005). The provision applies to any injury, except for injuries caused by intentional misconduct, that occurs "in the course of or because of or arising out of the employee's employment." *Id.; Helf v. Chevron U.S.A., Inc.,* 2009 UT 11, ¶ 18, 203 P.3d 962; *Bryan v. Utah Int'l,* 533 P.2d 892, 894 (Utah 1975).

¶ 16 By definition, if an employee is collecting workers' compensation benefits under the Act, his injury occurred within the course of his employment because that is a prerequisite to the receipt of benefits. *See* Utah Code Ann. § 34A–2–401 (2005); *see also Salt Lake City Corp. v. Labor Comm'n,* 2007 UT 4, ¶¶ 23, 27, 153 P.3d 179 (holding that a police officer could receive benefits when injured while driving a patrol car home because "the [police officer] [was] engaged in an activity that [was] at least incidental to employment"). Therefore, the critical inquiry is whether a personal injury action or wrongful death claim brought by an employee or the employee's heirs is precluded because the defendant was an employer, officer, agent, or employee of the employer.

¶ 17 If Johnson was an officer, agent, or employee of Stamper's employer, Gilbert Development, at the time of the accident, then the Stampers' claim is barred by the exclusive remedy provision of the Workers' Compensation Act. While the facts do not indicate that Johnson was an officer of Gilbert Development, it is possible that she may have been its agent or employee.

### A. Agency Relationship

■ ¶ 18 "To be an agent, a person must be authorized by another to 'act on his behalf and subject to his control.' " *Gildea v. Guardian Title Co.,* 970 P.2d 1265, 1269 (Utah 1998) (quoting Restatement (Second) of Agency § 1 (1958)). There must be a manifestation of consent to create an agency relationship. *Wardley Corp. v. Welsh,* 962 P.2d 86, 89 (Utah Ct.App.1998) (citing Restatement (Second) of Agency § 1(1) (1958)). Much like a contract, there must be a meeting of the minds between the parties. *Wardley,* 962 P.2d at 89; 3 Am.Jur.2d *Agency* § 15 (1986). "Whether an agency relationship exists depends upon all the facts and circumstances of the case." *Gildea,* 970 P.2d at 1269.

¶ 19 An agency relationship between Johnson and Gilbert Development may have existed if the relationship meets three factual elements: (1) there was a manifestation by Gilbert Development that Johnson would act on its behalf, (2) Johnson accepted the proposed undertaking, and (3) the parties understood that Gilbert Development controlled the undertaking. *See Wardley,* 962 P.2d at 89; Restatement (Second) of Agency § 1(1) cmt. a (1958). These are questions of fact that must be decided on remand.

### B. Employment Relationship

■ ¶ 20 The Workers' Compensation Act defines "employee" as a person in the service of an employer "under any contract of hire: (A) express or implied; and (B) oral or written." Utah Code Ann. § 34A–2–104(1)(b)(i). In general, a person is considered an employee if she is " 'hired and paid a salary, a wage, or at a fixed rate, to perform the employer's work as directed by the employer and who is subject to a comparatively high degree of control in performing those duties.' " *Utah Home Fire Ins. Co. v. Manning,* 1999 UT 77, ¶ 11, 985 P.2d 243 (quoting *Harry L. Young & Sons v. Ashton,* 538 P.2d 316, 318 (Utah 1975)). It is the right to control, not the actual assertion of control, that is essential. *Id.* ¶ 10. All of these factors should be considered in determining whether an employer-employee relationship exists.

¶ 21 Johnson might be considered an employee of Gilbert Development if, at the time of the accident, she was under an express or implied contract of hire and was receiving pay from Gilbert Development to do the work of Gilbert Development and if she was subject to the control of Gilbert Development in the performance of that work.

¶ 22 The district court assumed that the Gilberts were "the employer" of both Stamper and Johnson even though the record indicates that the women were actually employed by two separate companies with common ownership. But the fact that both parties took direction from the same individuals,

Steve and Cyndi Gilbert, does not independently justify disregarding the corporate entities and is not determinative of the separate question of whether Johnson was an agent or employee of Stamper's employer, Gilbert Development. The record before us raises questions as to whether Cyndi Gilbert was acting on behalf of Gilbert Development, Diamond G, or both when she requested that Johnson drive Stamper to Mesquite, Nevada on May 6. Answers to these questions, which must be decided on remand, are relevant in determining whether Johnson was an employee of Gilbert Development at the time of the accident.

### CONCLUSION

¶ 23 Because the district court concluded that Johnson and Stamper were fellow servants at the time of the accident, it held that the Stampers' claims against Johnson were barred by the exclusive-remedy provision of the Workers' Compensation Act. But the Act does not call for an analysis of the fellow-servant doctrine. Rather, it requires a determination of whether the injuring party was an officer, agent, or employee of the injured party's employer at the time of the injury. We accordingly vacate the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

¶ 24 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.